## No. 18,781.

KEITH TALLEY *v.* JOHN FAWCETT, ASSIGNEE, ETC.
(355 P. [2d] 302)

Decided September 19, 1960.

Mr. ROBERT B. PALMES, for plaintiff in error.

Messrs. KOBEY & MITCHELL, Mr. ROBERT T. BURNS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

IN the trial court John Fawcett, assignee, was plaintiff and John DiTirro was defendant. Plaintiff in error, Talley, was brought into the case as a third party defendant by DiTirro and in the trial court Fawcett recovered

judgment against DiTirro for $521.87. DiTirro recovered a like judgment against Talley. The latter brings the case here on writ of error.

Briefly stated the facts as pleaded and proved on the trial were: One McReynolds, employed by General Electric Supply Company as a warehouseman, stole certain appliances from his employer on or about April 14, 1955. McReynolds sold and delivered the appliances to Talley for something less than one-half of dealer's price. The deal between Talley and McReynolds was completed at Joe's Cave, a bar in southwest Denver, at about eight o'clock P.M. Talley, by his own admission, sold some of these appliances to DiTirro. The latter on the day following the delivery of the appliances heard that the same had been stolen, contacted Talley, who assured him there was nothing wrong with the deal, and that he (Talley) was about to attend a "hearing" and would let DiTirro know the result thereof. About eight weeks thereafter Talley informed DiTirro that the deal was legitimate and there was nothing to worry about and induced DiTirro to deliver some $1,250 to him in payment for the appliances. It definitely appears from the record that neither DiTirro nor Talley ever paid General Electric for these appliances, nor did they, or either of them, pay the owner thereof therefor. Employee McReynolds was covered by fidelity bond issued by Lloyds of London. McReynolds' total thefts amounted to some $40,000; the bonding company paid the loss, was subrogated to the rights of General Electric, which it assigned to plaintiff Fawcett.

Third party defendant Talley is the only party to this action complaining of the judgment. For reversal it is urged that the evidence fails to disclose that General Electric owned the personal property which formed the basis of this action. Suffice it to say that from the record it definitely appears that General Electric Company was the owner thereof.

The record discloses the following question and answer:

"Q. And then both General Electric Supply and Hotpoint are divisions of General Electric and the appliances were actually owned by General Electric, is that correct? A. That's correct."

■ It is further contended that no competent evidence appears in the record showing "a subrogation or assigned claim upon which to base a judgment for the plaintiff." This contention is also contradicted by the record. It is additionally urged that plaintiff's conduct "consisting of negligence and failure to exercise reasonable diligence in protecting against the conversion sued on, was established as a matter of law" amounts to an estoppel. Talley is in no position to urge estoppel as a matter of law or otherwise under this record. It appears that over a long period of time McReynolds was taking appliances from the warehouse of General Electric and dealing with Talley at ridiculously low prices. This conduct was discovered only accidently by an alert employee of General Electric, who saw property of his employer being transported at night time from the warehouse.

■ Talley did not testify in this action and the learned trial judge could come to only one conclusion from the evidence adduced and that was that McReynolds was stealing the property of General Electric and selling it to Talley, who in turn bilked innocent persons, such as DiTirro, by selling the stolen merchandise to parties building houses in Denver.

The insurance company honored the claim for McReynold's thefts; paid General Electric, and under its policy became subrogated to the insured's right of action against any and all persons who might be liable. See *Scott v. Gregory,* 71 Colo. 300, 206 Pac. 574; *Cobbey v. Peterson,* 89 Colo. 350, 3 P. (2d) 298; *Hartford v. Bank,* 96 Colo. 127, 40 P. (2d) 254; *American National Bank v. First National Bank,* 130 Colo. 557, 277 P. (2d) 951.

To hold otherwise would be to put a premium upon conduct such as Talley and McReynolds engaged in.

Observing no prejudicial error in the record, the judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.