**CITY OF ABILENE, Appellant,**

v.

**Raymond T. BYNUM et ux., Appellees.**

No. 3740.

Court of Civil Appeals of Texas. Eastland.

April 26, 1963.

Rehearing Denied May 24, 1963.

John W. Davidson, City Atty., Abilene, for appellant.

Brooks & Fergus, Abilene, for appellees.

GRISSOM, Chief Justice.

Raymond T. Bynum and wife sued the City of Abilene for damages to their farm alleged to have been caused by odors, insects and sewage from the city's new sewer farm, which it built adjoining plaintiffs' land. A jury found that the City's sewage disposal operation caused objectionable matter, such as noxious fumes, odors, insects or sewer effluent to come upon plaintiffs' land; that same caused a depreciation in its market value; that the damage was permanent; that prior thereto plaintiffs' land had a market value of $86,000.00 and afterwards its market value was $36,000.00. Issue number 6 and the jury's answer were as follows:

"Do you find from a preponderance of the evidence that the Plaintiffs had knowledge of the extent of the damages, if any, in the depreciation of the value of their property, if any, by reason of the sewage disposal operation in question, before January 17, 1959?— They did not have."

The court rendered judgment for the plaintiffs for $50,000.00 and the City has appealed.

The City objected to the submission of issue 6, among other reasons, be-

cause it set forth an improper test and because "it asks whether or not plaintiffs had knowledge of the extent of the damage, if any, when the true test should be when the damage became apparent—." The City also asked the court to submit an issue inquiring when it became apparent to plaintiffs that damage "would" result to their land. Appellant contends that the court erred in overruling its motion for a directed verdict because plaintiffs' cause of action for damages, caused by "odors and insects", was barred by the two year statute of limitation. In the City's motion for a directed verdict, it alleged that the evidence conclusively showed that the damages complained of arose, and were apparent to plaintiffs, in July, 1958, and that, since this suit was not filed until January 17, 1961, that plaintiffs' cause of action was barred by the two year statute of limitation. As we understand the record the new sewer farm adjoining plaintiffs' land was completed and the first load of sewage was sent to it in July, 1958, but there was not a complete change to the new sewer farm until the fall of 1959, when the old sewer farm was abandoned and all the City's sewage was diverted to the new sewer farm. As we understand plaintiffs' contention, it is that, although there were at times odors from the new sewage farm from the time of its first use, they were not such as to cause damage to plaintiffs' land until the fall of 1959. We understand the City's contention to be that, as a matter of law, plaintiffs' cause of action arose in July, 1958, when the new sewer farm was completed and first used, and that damage to the land then became apparent to plaintiffs. The issue of limitation was seriously contested. We are forced to the conclusion that the issue on limitation was improper and that such submission constitutes reversible error. Plaintiffs cite decisions to the effect that a plaintiff has the right to wait until he knows the extent of his damages before limitation begins to run. However, none of them approve submission of an issue inquiring, as was done here, when plaintiff knew "the extent" of his damage. On the contrary, such has been, in effect, held to be erroneous. In Tennessee Gas Transmission Company v. Fromme, 153 Tex. 352, 269 S.W. 2d 336, our Supreme Court held that plaintiff's cause of action accrued when defendant began "wrongfully" discharging water on plaintiff's land "not on the date when the extent of the damages to the land were fully ascertainable." In Houston Water-Works Company v. Kennedy, 70 Tex. 233, 8 S.W. 36, the court held that if the original act were lawful the cause of action did not accrue until injury was sustained. See also Stillwell v. City of Ft. Worth, Tex.Com. App., 140 Tex. 560, 169 S.W.2d 486; American Indemnity Company v. Ernst & Ernst, Tex.Civ.App., 106 S.W.2d 763, 765 (Writ Ref.); Gulf Refining Company v. Nabers, 134 S.W.2d 843; and City of Athens v. Evans, Tex.Com.App., 63 S.W.2d 379. The action of the City in building and using its sewer farm was lawful and plaintiffs had no cause of action until their land was damaged by its use. 37 Tex.Jur.2d, Section 67, page 192, 194; Puretex Lemon Juice, Inc. v. S. Riekes and Sons, Tex.Civ.App., 351 S.W.2d 119, 122 (Ref. N.R.E.); City of Houston v. Parr, Tex.Civ.App., 47 S.W. 393 (Writ Ref.).

In Beck v. American Rio Grande Land and Irrigation Company, Tex.Civ.App., 39 S.W.2d 640, 641 (Writ Ref.), it was held that limitation for recovery of damages to land caused by water seepage ran from the time the injury to plaintiff's land became apparent, or should have been discovered by due diligence. See also Geochemical Surveys v. Dietz, Tex.Civ.App., 340 S.W. 2d 114, 117 (Ref. N.R.E.); Houston Natural Gas Corporation v. Pearce, Tex.Civ. App., 311 S.W.2d 899, 910 (Ref. N.R.E.); Linkenhoger v. American Fidelity and Casualty Company, Inc., 152 Tex. 534, 260 S.W.2d 884; City of Abilene v. Downs, 359 S.W.2d 642, 646 and Lance v. City of Mission, Tex.Civ.App., 308 S.W.2d 546.

We have considered all remaining points and have concluded that they do not present reversible error. They are overruled.

Since the foregoing was written our Supreme Court has decided the case of City of Abilene v. Downs, 367 S.W.2d 153. Upon another trial the court will, of course, comply with that decision.

The judgment is reversed and the cause is remanded.