VALLEY POWER COMPANY AND TOWNSITE DEVELOPMENT COMPANY, APPELLANTS, v. TOIYABE SUPPLY CO. AND NEVADA BANK OF COMMERCE, RESPONDENTS.

No. 4763

November 4, 1964                    396 P.2d 137

*Vargas, Dillon, Bartlett & Dixon* and *Alex. A. Garroway,* of Reno, for Appellants.

*Gray and Horton,* and *Earl M. Hill,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

In the lower court Valley Power Company and Townsite Development Company were granted leave to intervene in a pending action between Federal Insurance Company, plaintiff, versus Toiyabe Supply Company and Nevada Bank of Commerce, defendants. Subsequently, upon defendants' motion, the intervenors' complaint was dismissed with prejudice for the reason that the intervenors were not real parties in interest. The lower court found, upon the record then before it, that the sole real party having an interest in the subject matter of the case was the plaintiff Federal Insurance Company.[1] The intervenors appeal from the order of dismissal.

The Federal Insurance Company issued its comprehensive bond and policy to Basic, Incorporated, and any

[1]NRCP, Rule 17(a) reads, *"Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute so provides, an action for the use or benefit of another shall be brought in the name of the State."

subsidiary corporation or corporations, the assured, binding itself to pay the assured all losses (up to $100,-000) sustained through any fraudulent or dishonest acts (including larceny, theft, embezzlement, forgery, misappropriation, wrongful abstraction or willful misapplication) committed by employees of the assured. Valley Power Company and Townsite Development Company, intervenors-appellants, are subsidiary corporations of Basic, Incorporated and, therefore, assureds under the policy. An employee on the payroll of Basic, Incorporated, but whose duties were primarily connected with the subsidiary corporations, misappropriated funds of the subsidiary corporations. For the purposes of this opinion it is not necessary to relate how the defalcations were accomplished. The resulting losses claimed to have been incurred by Valley Power Company ($26,703.13), and Townsite Development Company ($15,017.19), were paid in full by Federal Insurance Company as required by the comprehensive bond and policy which it had issued. Federal Insurance Company commenced an action against Toiyabe Supply Company and Nevada Bank of Commerce (the predicate for which we need not now state) to recover the sums paid under its policy to the assureds and seeking, in addition, exemplary damages.[2]

Having paid the assureds in full for their claimed losses, the insurer was subrogated, by operation of law, to the rights, if any, which the assureds may have had against the defendants before such payments were made. Talley v. Fawcett, 144 Colo. 130, 355 P.2d 302; Gardner v. Walker, 373 P.2d 598 (Wyo. 1962); American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7; Link Aviation, Inc. v. Downs, C.A., D.C., 325 F.2d 613; Milwaukee Insurance Co. v. McLean

[2]The complaint in intervention adopted by reference some of the allegations of the complaint of Federal Insurance Company. The adopted allegations show without question that the intervenors seek to recover the same losses for which they had already been paid by Federal Insurance Company.

Trucking Co., 256 N.C. 721, 125 S.E.2d 25.[3] In such a case the insurer, Federal Insurance Company, is the sole party in interest, and the only one who may assert a claim against those thought to be ultimately liable. None of the requisites designated by statute, NRS 12.130, or rule, NRCP 24, to support intervention, are present when total subrogation has eliminated the interest of the assured.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.

---

[3]See also United States v. Aetna Casualty & Surety Co., 338 U.S. 366, S.Ct. 207, 94 L.Ed. 171, 70, 12 A.L.R.2d 444, where the United States Supreme Court discussed the real party in interest rule as it relates to partial subrogation.