LAWRENCE SMITH, Appellant, v. BEN
RICHARD HUTCHINS, Respondent.

No. 8745

July 27, 1977                    566 P.2d 1136

[Rehearing denied August 26, 1977]

*Paul A. Richards,* of Reno, for Appellant.

*Vargas, Bartlett & Dixon,* and *James S. Beasley,* of Reno,
for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal from summary judgment for defendant places before us the propriety of applying the rule which precludes a plaintiff from splitting his cause of action for personal injury and property damage occurring simultaneously and traceable to a single tort to a case where one element of the plaintiff's damage (usually property) is the subject of insurance.

The plaintiff commenced a district court action to recover damages in excess of $10,000 for personal injury, medical and hospital expense, and property loss sustained in a vehicle collision with defendant. While that action was pending, another action was filed in the justice court in the plaintiff's name to recover for property loss sustained in the same collision. A judgment was there obtained for the sum of $274.35, costs, and attorney's fee. This prompted the defendant to move for summary judgment in the district court case.

It was the defendant's contention that the plaintiff had a single cause of action for personal injury and property damage arising from a single tort which could not be split and thereby become the subject of separate actions. Moreover, that by doing so, his justice court judgment for one element of damage (property loss) barred him from proceeding in a separate action to recover for the other element of damage (personal injury). The district court agreed with that contention and entered summary judgment in his favor. For reasons hereinafter expressed, we set aside that judgment and remand for further proceedings.

1. As a general proposition, a single cause of action may not be split and separate actions maintained. Reno Club v. Harrah Et Al., 70 Nev. 125, 260 P.2d 304 (1953). The wrongful act of the defendant creates the plaintiff's cause of action. Policy demands that all forms of injury or damage sustained by the plaintiff as a consequence of the defendant's wrongful act be recovered in one action rather than in multiple actions. Concomitantly, the single cause of action rule bars one who has sustained personal injury and property loss from the same cause and who has prosecuted to judgment a suit for either of his two elements of damage from thereafter

suing to recover the remaining element. The great weight of authority supports the single cause of action rule when the plaintiff in each case is the same person. Cases collected Annot. 62 ALR2d 977 (1958).

In the case at hand, however, the real party in interest in the justice court litigation was Leader Insurance Company, the plaintiff's insurance carrier. It was a subrogation case.[1] This is disclosed by affidavit filed in opposition to the defendant's motion for summary judgment.

The plaintiff had no control over his insurance carrier's exercise of subrogation rights under the policy. The plaintiff did not split his cause of action. If splitting occurred, it was the result of the unilateral action of his insurance company. In these circumstances, to rule that the plaintiff lost his right to proceed with his district court action to recover damages for personal injuries, is, in our view, plainly wrong. Reardon v. Allen, 213 A.2d 26 (N.J.Super. 1965); Hoosier Casualty Co. v. Davis, 173 N.E.2d 349 (Ohio, 1961).

Accordingly, we reverse the summary judgment entered below and remand this cause for further proceedings.

BATJER, C. J., and MOWBRAY and MANOUKIAN, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result, but desire to add a comment.

As my brethren perceive, the basic right of action remained with the injured party and, of course, his insurance carrier had no right to pursue its subrogation claim in a way which would prejudice the insured's basic right. It follows that filing an action in Justice Court, without the insured injured party's informed consent, was wrongful and inconsistent with the carrier's obligations to him. This, of course, would have given rise to a defense against the subrogation claim in Justice Court. Not having been affirmatively pleaded in avoidance, such defense was waived. NJRCP 8(c).

---

[1]The justice court action should have been filed in the name of the insurance company if, indeed, it had paid the plaintiff's property loss in full. Valley Power Co. v. Toiyabe Supply, 80 Nev. 458, 396 P.2d 137 (1964). The insurance company error in not properly reflecting the real party in interest should not prejudice the plaintiff in the prosecution of his district court case.