HARTFORD ACCIDENT AND INDEMNITY COMPANY, APPELLANT, *v.* JAMES E. ROGERS, RESPONDENT.

No. 10563

July 11, 1980 613 P.2d 1025

---

[1]This case was consolidated with Sandler v. District Court, Docket No. 11919, for the purpose of oral argument.

[2]MR. JUSTICE NOEL MANOUKIAN voluntarily disqualifed himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4, of the Constitution, designated Judge Roy L. Torvinen of the Second Judicial District to sit in his stead.

*Wanderer & Wanderer* and *Douglas A. Watkins,* Las Vegas, for Appellant.

*Dickerson, Miles & Pico* and *Bert O. Mitchell,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal from a summary judgment in favor of defendant-respondent, we are required to decide whether the trial court erred in ruling that appellant's claims were barred by the statute of limitations. We hold that it did not, and affirm.

On September 21, 1968, Susan Saari and her brother, William Saari, Jr. had pulled off of Interstate 15, south of Las Vegas, on their way to Los Angeles. While the vehicle was on

the side of the road, it was struck by a second vehicle. The driver of the second vehicle had been driving under the influence and was uninsured. William Jr. and his sister, Susan, who was seriously injured, resided in New York at the time. Subsequently, Susan and her brother signed a contingency fee agreement under which respondent Rogers, a licensed attorney in this state, was to represent them in connection with the accident in exchange for one-third of the amount recovered.

On September 27, the Las Vegas office of Hartford Accident and Indemnity, appellant herein, received notice of the accident, took a statement from William, Jr., and opened a file. An initial memorandum in that file indicated that Susan was being represented by respondent Rogers of Las Vegas. On October 4, William Saari, Sr. (Mr. Saari) retained attorney Frank J. Hand of New York to represent him and Susan in prosecuting their claims. Susan was released from the hospital on October 9. Attorney Hand filed an uninsured motorist claim with appellant Hartford at its New York office on October 11th. On December 2, Rogers sent a letter to appellant at its Las Vegas office advising them that he was representing Susan and that he was making a demand for the policy limit of $10,000. This information was also phoned to appellant at its Las Vegas office on January 7, 1969.

On December 16, 1968, Hartford's Las Vegas office sent a check to respondent in the amount of $1,837.25 which represented Susan's hospital bills through October 10. This check was made payable to Susan and respondent Rogers. It was endorsed and deposited in respondent's trust account without the benefit of Susan's signature. Thereafter, respondent made no payments to the hospital, but did request a bill reduction of fifty percent by the hospital.

In 1969, respondent Rogers was informed by Mr. Saari that his services were no longer required. Rogers indicated that he would take no further action but that he did expect to be paid for his services rendered to date. He said that he would return the check for $1,837.25, along with another check he had received for $240, upon his receipt of $2,000 as full payment for his services. By May 9, 1969, respondent, having heard nothing further, returned the $240 check to Hartford.

An internal report dated September 10, 1969 indicated that Hartford was aware that the checks issued by its Las Vegas office had not been applied by Rogers to satisfy the medical bills. Therefore, when Hartford and the Saaris arrived at a settlement for $9,750.00, Hartford deducted the $1,837.25, which Rogers held, and paid only $7,912.75 in January of 1970.

Attorney Hand first asked Rogers to return the check in exchange for a fee of $787.50. When Rogers refused, Hand demanded payment from Hartford for the full amount.

Saari's subsequent suit against Hartford ended successfully for the Saaris on March 17, 1975. A New York supreme court ruled that Hartford could not assert prior payment as the check had been paid after Hartford became aware that different attorneys had filed claims and should have made an inquiry. The present action was filed by Hartford against Rogers on August 10, 1976. Respondent's motion for summary judgment, based on the statutes of limitation, was granted and this appeal followed.

Appellant's initial complaint filed on August 10, 1976 was based on conversion. That complaint was dismissed without prejudice. The statute of limitation for conversion is three years and runs from the time of taking. NRS 11.190(3)(c). The complaint was properly dismissed as the check was appropriated, if at all, by respondent on or about December 19, 1968 and no later than January 26, 1970 when attorney Hand demanded the check from respondent.

Appellant's amended complaint alleged, *inter alia,* fraud, breach of agency, breach of trust by a fiduciary under NRS 11.290, and violation of ethical standards. The district court determined that the statute of limitations barred these claims, that NRS 11.290 applies only to banks and trust companies, and that our attorney disciplinary rules do not create a private cause of action. In dismissing the amended complaint, the court determined that appellant was aware of all facts which may have constituted a fraud more than three years prior to the filing of the first complaint.

Appellant acknowledges that it was aware of all pertinent facts in this case by April 13, 1970. On that date, an interoffice memo was drafted by Hartford which set forth all of the relevant facts. Nevertheless, appellant argues that the statute of limitations begins to run only when damage is suffered. This damage, appellant states, occurred upon the March 17, 1975 judgment by the New York court as appellant believed until then that it could claim an offset against the Saaris. We disagree.

If indeed Rogers' acts constituted a fraud at the time the check was presented by appellant, *see* City of Coon Rapids v. Suburban Engineering, Inc., 167 N.W.2d 493, 496 (Minn.

1969), then appellant sustained damage upon its parting with its money. Remus Films, Ltd. v. William Morris Agency, 53 Cal.Rptr. 526, 529 (Ct.App. 1966). *Cf.* City of Abilene v. Bynum, 367 S.W.2d 942 (Tex.Civ.App. 1963) (initial action by city lawful and no cause of action by plaintiff until subsequent damage). It does not matter here that appellant was not totally certain of its damages. Quinn v. Press, 140 S.W.2d 438, 440–41 (Tex. 1940); American Indemnity Co. v. Ernst & Ernst, 106 S.W.2d 763, 765–66 (Tex.Civ.App. 1937). *See* Webb v. Lewis, 209 S.E.2d 712 (Ga.App. 1974). Nevada law clearly provides that the statute runs from the date of discovery of facts constituting the fraud and must be brought within three years. Howard v. Howard, 69 Nev. 12, 21–22, 239 P.2d 584, 588–89 (1952); NRS 11.190(3)(d). *See* Winn v. McCulloch Corp., 131 Cal.Rptr. 597, 602 (Ct.App. 1976). *See also* Fuls v. Shastina Properties, Inc., 448 F.Supp. 983, 986 (N.D.Cal. 1978). In this case, the facts were known by April 13, 1970. Had the initial taking been wrongful against Hartford and constituted a fraud,[1] appellant's cause of action would have accrued at that time. The action for fraud is foreclosed by the statute of limitations.

Appellant also alleged breach of agency, breach of trust and professional malpractice. Appellant's authority is misplaced. The dispositive fact in this case is that appellant and respondent where not in a professional relationship such as in the cases cited by appellant. In this case, respondent was retained to represent Susan Saari in her efforts to recover insurance benefits from appellant. Appellant was certainly not an intended beneficiary of any of respondent's services. *Cf.* Lucas v. Hamm, 364 P.2d 685 (Cal. 1961) (court allowed recovery for intended beneficiaries of a will who lost their testamentary rights because of attorney's contractual failures). Appellant has cited cases which involved such relationships as attorney-client, insurer-insured, and doctor-patient. *See, e.g.,* Budd v. Nixen, 491 P.2d 433 (Cal. 1971); Walker v. Pacific Indemnity Co., 6 Cal.Rptr. 924 (Ct.App. 1960); Fernandi v. Strully, 173 A.2d 277 (N.J. 1961). No cases are cited, and we have found none, which allowed recovery for a third party who was not an intended

[1] A cause of action for fraud requires a showing of a false representation of a material fact, known to be false, with the intent to induce reliance. Lubbe v. Barba, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975). The valid retainer between Susan and Rogers precludes a finding that the check was *taken* upon a false representation.

beneficiary. There was nothing to support a theory of agency between appellant and Rogers.

Appellant contends that the facts do not reveal when respondent Rogers took the appropriated check funds from his trust account. Appellant argues that this date would be important in establishing when the statute for conversion began running. Appellant cites no authority for his conclusion that such a date would be the controlling date for such purposes.

It is difficult to see how Rogers could have committed a conversion when the check was sent to him. There was a valid attorney-client relationship at the time between the Saaris and respondent Rogers which terminated a month after the check was sent. This was not a wrongful acquisition of possession. As the agent for Susan Saari, Rogers accepted the check on her behalf. Any conversion which could have occurred would have been against the client. This would have been when the New York attorney for the Saaris wrote to Rogers on January 26, 1970, demanding the funds. Any subsequent disposition by Rogers would not have been wrongful against appellant.[2]

The remaining contentions are without merit. The summary judgment in favor of respondent is affirmed. NRCP 56(c).

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.

---

[2]Because appellant Hartford paid the Saaris in full for their losses, appellant appears to have been subrogated to all rights which the Saaris may have had. *See* Valley Power Co. v. Toiyabe Supply Co., 80 Nev. 458, 396 P.2d 137 (1964). This may have included the action in conversion against Rogers. The statute of limitations, however, began running when Rogers refused attorney Hand's demand of January 26, 1970 for the funds.