*821 OPINION

Per Curiam:

On November 22, 1989, appellants filed an action in Department No. 7 of the Second Judicial District Court, Washoe County. This action was designated case no. CV89-7013. The complaint named as defendants The Plaza Company, M & T, Inc., and Does I-X. The complaint asked for money damages for injuries suffered by appellant John Laughon when he fell at the Silver State Shopping Center in Sparks, Nevada, on February 8, 1989. Nothing in the record on appeal indicates that the complaint filed November 22, 1989, in case no. CV89-7013 was ever served on any defendant.
On November 27, 1990, appellants filed a complaint in Department No. 3 of the Second Judicial District Court, Washoe County. This case was designated case no. CV90-7198. The body of the complaint is the same as the complaint in case no. CV89-7013, previously filed by appellants on November 22, 1989. The complaint in case no. CV90-7198 differs from the earlier complaint in that it names as defendants Silver State Shopping Center, The Plaza Company, M & T, Inc., Sparks Center Sparks, a California General Partnership, and Does I through X. On February 15, 1991, appellants filed proof of service by publication of the complaint in case no. CV90-7198.
On January 11, 1991, respondents Sparks Center Associates and M & T, Inc., filed a motion to dismiss appellants’ complaint in case no. CV90-7198, filed November 27, 1990. The motion to dismiss was based on the claim that “there was an identical Complaint filed by and against the identical parties in Department No. 7 of the within Court in Case Number CV89-7013 on November 22, 1989, and that case is still pending.”[1] In their opposition to the motion to dismiss, appellants disputed the claim that there was a preexisting action against the identical parties. Appellants offered to stipulate to dismissal of the lawsuit in case no. CV89-7013, and argued that if the other parties would not agree to this, the proper remedy was consolidation of the actions.
On June 6, 1991, the district court entered an order granting respondents Sparks Center Associates’ and M & T, Inc.’s motion to dismiss the complaint in case no. CV90-7198 on the basis that the complaint in case no. CV90-7198 was nearly identical to the complaint in case no. CV89-7013. This appeal followed.
*822 The issue presented in this appeal is whether the district court erred in dismissing the complaint in case no. CV90-7198.. After carefully considering the parties’ arguments and the relevant authority, we conclude that the district court erred in dismissing case no. CV90-7198. We note particularly that at the time the district court dismissed case no. CV90-7198, the complaint in case no. CV89-7013 had never been served. Further, after filing the complaint in case no. CV90-7198, appellants offered to dismiss case no. CV89-7013. Under these circumstances, the fact that the complaint in case no. CV90-7198 was nearly identical to the complaint in case no. CV89-7013 did not provide a basis for dismissal of case no. CV90-7198. Rather, appellants should have been allowed to dismiss case no. CV89-7013 or, as appellants suggested, the two cases should have been consolidated.
[Headnote 2]
None of the cases cited by the district court in support of its dismissal of the complaint in case no. CV90-7198 form a basis for dismissal under the circumstances present in the instant case. See Matter of Appeal in Maricopa Cty. Juv. Action, 680 P.2d 143 (Ariz. 1984) (where successive proceedings involving the same children were filed in the juvenile courts of two different counties, the juvenile court where the second proceeding was filed should have ordered the matters consolidated and transferred its proceeding to the first court that had properly entertained jurisdiction); Thomson v. Continental Insurance Company, 427 P.2d 765 (Cal. 1967) (the preexistence of a nearly identical action in a different jurisdiction may be grounds for stay of the second action, but not for dismissal of it); Wiltgen v. Berg, 435 P.2d 378 (Colo. 1967) (when dual actions exist involving the same subject matter and substantially the same parties, the second action must be stayed until the first is finally determined). Further, we reject respondents’ argument that the district court’s dismissal of the complaint in case no. CV90-7198 was proper because the two new defendants in case no. CV90-7198 were previously named as Does in case no. CV89-7013. The issue of whether new defendants were parties to a prior action by virtue of the naming of Doe defendants arises in the context of a relation back issue when a complaint is amended. No complaint was being amended at the time the district court dismissed case no. CV90-7198. Further, any consideration by the district court of prejudice was premature absent a basis for dismissal.
We also reject respondents’ argument that appellants were barred from bringing their cause of action in case no. CV90-7198 *823 by the single action rule. It is without dispute that appellants alleged the same damages in both cases. Thus, because appellants did not attempt to sue the same defendant in separate actions for different elements of damage, the rule against splitting causes of action does not apply and cannot be used to justify the district court’s decision to dismiss the complaint in case no. CV90-7198. See Smith v. Hutchins, 93 Nev. 431, 432-33, 566 P.2d 1136, 1137 (1977).
Based on the foregoing, we conclude that the district court erred in dismissing the complaint in case no. CV90-7198. Accordingly, we reverse the order of the district court dismissing the complaint in case no. CV90-7198 and remand this case to the district court for further proceedings.

In their motion to dismiss case no. CV90-7198, respondents explain that Sparks Center Sparks is really Sparks Center Associates, a general partnership doing business as Silver State Plaza. Respondents further explain that Silver State Plaza is misidentified in the complaint as Silver State Shopping Center. Appellants do not appear to dispute this.