86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CROSSROADS PARTNERS, Plaintiff-Appellant,
v.
UTAH CROSSING, LTD., Defendant,
and
Hale, Lane, Peek, Dennison and Howard, Defendant-Appellee.
 No. 95-16304.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided May 17, 1996.
As Corrected June 20, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 The district court properly granted summary judgment on Crossroads's negligence claim. Assuming Nevada would recognize a duty to disclose in the circumstances identified in Goodman v. Kennedy, 556 P.2d 737 (Cal.1976), Hale Lane owed no such duty to Crossroads in this case. Hale Lane did not intend to affect or benefit Crossroads by documenting the loans or drafting the settlement agreement--as in Goodman, Crossroads's only relationship to the transaction was as a party "with whom the defendant's clients might negotiate a bargain at arm's length." Id. at 743. Other factors of foreseeability and proximate cause weigh against imposing a duty on Hale Lane. Goodman rejected the argument that because an attorney's advice related to the sale of his clients' stock, the attorney owed a duty of care to subsequent purchasers of the stock because it was foreseeable that the attorney's advice to his client would affect the economic value of the stock to such purchasers. Id. at 743. We are unpersuaded by the similar argument that Hale Lane should have foreseen that the entity assuming the loan would rely on the loan documents since the loan was readily assumable. See also Bily v. Arthur Young & Co., 834 P.2d 745, 768 (Cal.1992). The materiality of the loan diversion to Crossroads' decision to purchase the shopping center is irrelevant in determining whether Hale Lane's conduct, as opposed to that of the bank or the Shire defendants, caused Crossroads' damage. Finally, imposing a duty to disclose upon Hale Lane would place an undue burden on the profession by injecting "undesirable self-protective reservations" into an attorney's advice to his clients. Goodman, 556 P.2d at 742-43.
 
 
 4
 There is no other possible source of a duty running from Hale Lane to Crossroads. There was no attorney-client relationship between them, see Warmbrodt v. Blanchard, 692 P.2d 1282, 1285 (Nev.1984), and Crossroads was not an intended beneficiary of Hale Lane's work. See Hartford Accident and Indemnity Co. v. Rogers, 613 P.2d 1025, 1027 (Nev.1980). There was no implied attorney-client relationship stemming from Crossroads's relationship with the bank since Crossroads's interests were adverse to those of the bank. See Flaherty v. Baybank Merrimack Valley, N.A., 808 F.Supp. 55, 60-61 (D. Mass1992).
 
 
 5
 Finally, we reject Crossroads's argument that a cause of action for negligence is necessary to prevent fraudulent and malicious attorney behavior; other laws and regulations prohibit attorneys from such conduct.
 
 II.
 
 6
 The district court properly granted summary judgment on the fraud and misrepresentation claims. Hale Lane made no affirmative representations to Crossroads merely by drafting documents for the bank and reproducing them on Hale Lane letterhead. The bank's representations were not converted into representations by Hale Lane simply because Hale Lane may have stood to gain from the bank's conduct. Since Hale Lane made no affirmative misrepresentations, Crossroads's claim for fraud must be based on failure to disclose, and Crossroads cannot state a claim for fraudulent concealment under Nevada law since, as we gave said, Hale Lane owed no duty to disclose to Crossroads. See Nevada Power Co. v. Monsanto Co., 891 F.Supp. 1406, 1415 (D.Nev.1995).
 
 III.
 
 7
 The district court erred in granting summary judgment on Crossroads's claim of conspiracy to violate the statutory prohibitions against tying arrangements and to defraud solely on the ground that Crossroads failed to offer proof of damages sufficient to create a triable issue of fact. Crossroads did not have reasonable notice that the existence of a triable issue of fact as to damages from the conspiracy was at issue. O'Keefe v. Van Boening, 82 F.3d 322, 1996 WL 207831 * 2 (9th Cir. April 30, 1996), quoting Buckingham v. U.S., 998 F.2d 735, 742 (9th Cir.1993); Malhotra v. Cotter & Co., 885 F.2d 1305, 1310 (7th Cir.1989). The issue of damages from the conspiracy was raised only perfunctorily in the memoranda supporting and opposing the motion for summary judgment and was not raised by the judge at the hearing on the motion. The fact that injury was at issue as an element of standing did not give notice that summary judgment was sought on the issue of damages as an element of the cause of action on the merits.
 
 
 8
 The error was significant; in responding to the bank's motion for summary judgment later in the proceeding, Crossroads demonstrated that when it had notice it could produce sufficient evidence of damage create a triable issue. C.R. 206, Exh. 7, Exh. 8, Exh. 17, C.R. 214, Exh. A.[1] Moreover, the district judge explicitly found below that Hale Lane was not entitled to summary judgment on Crossroads's conspiracy to defraud claim on the duty grounds it had advanced. CR 183 at 26-27.
 
 IV.
 
 9
 The district court's grant of Hale Lane's motion for summary judgment as to the negligence, fraud, and misrepresentation claims is AFFIRMED. Grant of summary judgment on Crossroads's claim for conspiracy to violate statutes prohibiting tying arrangements and to defraud is REVERSED and REMANDED for further proceedings consistent with this disposition.
 
 
 10
 Each party is to bear its own costs.
 
 
 
 *
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It does not detract from the significance of Crossroads's later proffer of evidence that the district court nonetheless granted the bank's motion for summary judgment on the different ground that Crossroads had not shown proximate cause