IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ESTATE OF MARY CURTIS, DECEASED; LAURA LATRENTA, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY CURTIS; AND LAURA LATRENTA, INDIVIDUALLY, Appellants, vs. SOUTH LAS VEGAS MEDICAL INVESTORS, LLC, D/B/A LIFE CARE CENTER OF SOUTH LAS VEGAS, F/K/A LIFE CARE CENTER OF PARADISE VALLEY; SOUTH LAS VEGAS INVESTORS LIMITED PARTNERSHIP; LIFE CARE CENTERS OF AMERICA, INC.; AND CARL WAGNER, ADMINISTRATOR, Respondents. | No. 79396 |

FILED

OCT 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S Young_
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a complaint in a tort action. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.

Respondent South Las Vegas Medical Investors, LLC, dba Life Care Center of South Las Vegas (LCC), is a nursing home at which the decedent, Mary Curtis, resided. A nurse at LCC mistakenly administered Curtis morphine in March 2016, and Curtis died. Appellants, Curtis's daughter and estate (collectively, the Estate), filed a complaint in February

2017 alleging elder abuse, wrongful death, and tortious breach of the implied covenant of good faith and fair dealing. *Estate of Curtis v. S. Las Vegas Med. Inv'rs, LLC (Curtis I)*, 136 Nev., Adv. Op. 39, 466 P.3d 1263, 1265 (2020). The Estate failed to attach an expert affidavit as required by NRS 41A.071 in professional negligence cases and the district court therefore granted summary judgment in LCC's favor. *Id.* at 1265-66.

The Estate appealed, arguing the complaint was not subject to NRS 41A.071's expert affidavit requirement. *Id.* at 1266. We agreed with the Estate in part. We concluded that the district court improperly dismissed the Estate's claims that were based on the allegation that the nurse administered the wrong medicine because that allegation sounded in ordinary negligence and was therefore not subject to NRS 41A.071's affidavit requirement. *Id.* at 1269 (adopting the common knowledge exception to NRS 41A.071's affidavit requirement). But we concluded that claims based on the allegations that LCC failed to properly treat, monitor, or supervise Curtis sounded in professional negligence and were therefore properly dismissed for not being filed with the affidavit required by NRS 41A.071. *Id.* at 1269-70.

In late February 2019, while the *Curtis I* appeal was pending, the Estate filed a second complaint (*Curtis II*) against LCC and others connected to that business, including administrator Carl Wagner, asserting claims for abuse/neglect of an older person and bad faith tort, but omitting the earlier wrongful death claims. The district court dismissed the complaint as time-barred.

We have carefully reviewed the record and conclude the claims against LCC in *Curtis II* are fundamentally similar to those asserted in

*Curtis I.* As for the claims based on the allegation that the nurse administered the wrong medicine, the district court did not err in dismissing those claims as appellant will be able to pursue them via the partial reversal and remand in *Curtis I* and therefore cannot also pursue them in this case. *See Smith v. Hutchins*, 93 Nev. 431, 432, 566 P.2d 1136, 1137 (1977) (noting the general rule that "a single cause of action may not be split and separate actions maintained" because "[p]olicy demands that all forms of injury or damage sustained by the plaintiff as a consequence of the defendant's wrongful act be recovered in one action rather than in multiple actions"); *see also Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (providing that this court may affirm a district court decision on different grounds than those relied on by the district court). As for the claims based on allegations that LCC failed to adequately treat, monitor, or supervise Curtis, we already concluded in *Curtis I* that those allegations are grounded in professional negligence.[1] 136 Nev., Adv. Op. 39, 466 P.3d at 1269-70. As such, they are subject to NRS 41A.097's statute of limitations. And, because the Estate filed the *Curtis II* complaint well outside the one-year statute of limitations, any claims based

---

[1]We note again, however, that we remanded *Curtis I* on the wrongful death claim to the extent that claim sounded in ordinary negligence based on the narrow exception to *Syzmborski v. Spring Mountain Treatment Center*, 133 Nev. 638, 403 P.3d 1280 (2017), that we clarified in our opinion. *Curtis I*, 136 Nev., Adv. Op. 39, 466 P.3d at 1267-68.

on those allegations are time-barred.[2]  *See* NRS 41A.097(2).  Therefore, the district court properly dismissed the complaint, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Jacqueline M. Bluth, District Judge
       Bossie, Reilly & Oh, P.C.
       Saltzman Mugan Dushoff
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Eighth District Court Clerk

---

[2]The Estate does not contest LCC's argument that the one-year statute of limitations would apply if the complaint were subject to NRS 41A.097(2), and, moreover, the facts support application of the shorter limitations period where the Estate was aware of the injury at the time of Curtis's death in March 2016.  *See* NRS 41A.097(2) (providing a one-year statute of limitations from the time a plaintiff discovers an injury or a three-year statute of limitations from the date of injury, whichever occurs first)