## Richmond

NATIONWIDE MUTUAL INSURANCE COMPANY v. FRED E. MARTIN,
ASSIGNEE OF SYMPLE CONSTRUCTION CORPORATION.

December 1, 1969.

Record No. 6995.

Present, All the Justices.

*Palmer S. Rutherford, Jr. (Rixey and Rixey, on brief), for plaintiff in error.*

*Fred E. Martin, Sr. (Fred E. Martin & Son, on brief), for defendant in error.*

HARRISON, J., delivered the opinion of the court.

Nationwide Mutual Insurance Company seeks an opportunity to introduce evidence in an effort to vitiate an agreement it made with Fred E. Martin, Sr., Assignee of Symple Construction Corporation, on the ground of fraud. The trial court entered a final order on January 2, 1968, the effect of which was to deny Nationwide a hearing. We awarded a writ of error to this judgment.

This case had its inception when Symple Construction Corporation brought action against Nationwide for $12,851.30, allegedly due it under an insurance policy whereby Nationwide agreed to protect

Symple from loss by theft in respect to materials and supplies stored in Virginia Beach. Symple claimed that various items were stolen from their location on January 11, 1967. Nationwide filed its grounds of defense denying liability, and further moved that Symple's motion for judgment be amended to show it had assigned the claim for the alleged loss to Fred E. Martin, Sr. The case, originally set for trial on its merits for July 20, 1967, was continued and reset for September 7, 1967.

Martin, Assignee, and counsel for Nationwide engaged in negotiations, and on September 5, 1967 agreed to a settlement of the claim for $2000. The clerk of the court was notified of the settlement, and the case was removed from the trial docket.

After the agreement, but prior to payment of the agreed amount by Nationwide, the execution of a release by Martin and the dismissal of the pending action "agreed", one Raymond James Richardson allegedly made a sworn statement to the effect that certain items claimed by Symple in its motion for judgment to have been stolen were still in Symple's possession. Martin was notified of the statement and advised by counsel for Nationwide that, under the circumstances and because of fraud, his client no longer felt bound by the compromise agreement.

Thereupon Martin filed in the pending action a written motion seeking from the court below an order confirming the settlement. Apparently this motion was the procedure chosen by Martin to resolve the controversy. At the calling of the docket on October 2nd, Martin and counsel for Nationwide appeared in court, and December 5, 1967 was assigned as the trial date for a hearing on the motion.

All parties prepared for trial in anticipation that the case would be heard on December 5th. Counsel for Nationwide summoned seven witnesses and advised the clerk of court and Martin that the defendant desired a jury for the trial. Martin also summoned his witnesses.

Martin requested of counsel for Nationwide that a certain article in controversy be produced at the trial, or prior thereto, at a time and place where it could be examined by him. He also suggested that counsel should associate another attorney with him at the trial, since Martin might call him as an adverse witness.

On the date set for trial all parties, their counsel, the witnesses, the judge and jury were present. During a pretrial conference, requested by counsel for Nationwide in an effort to narrow the issues to be tried, the court was advised that the witnesses, including Richardson, were available and present in the courtroom to testify in support of

Nationwide's claim of fraud. At this conference the court announced that it proposed to enter judgment for Martin, and thereupon the parties returned to the courtroom, and the trial judge made the following statement in open court:

"The Court has held that the compromise settlement heretofore entered into between the parties is a *bona fide* settlement, and that there was a duty upon the Nationwide Insurance Company to ascertain under all the circumstances whether or not there was any fraud involved in this case. They had this man; they had his statement; and settlement was made after the statement. Therefore, the Court concludes that the settlement is binding."

In the final order of January 2, 1968, granting the motion of Martin to confirm the agreement, is found the following language:

"Upon consideration whereof, after argument of counsel, it appearing to the court that defendant failed to exercise due diligence to ascertain the facts contained in the statement of said Richardson prior to making the compromise settlement of September 5, 1967, the motion of the defendant is denied and the motion of the plaintiff assignee is granted. . . ."

It is not in dispute that all parties anticipated that a hearing would be had on December 5th on the motion of Martin to confirm the compromise settlement. It is also apparent that Nationwide was resisting the motion on the ground that Symple's claim, which was the basis of the compromise, was in fact a fraudulent claim. Nationwide, represented by counsel, with witnesses standing by, expected the opportunity to establish the fraudulent nature of the claim, and to establish its basis for resisting Martin's motion.

Nationwide was prevented from introducing its evidence by the action of the trial court summarily approving the agreement and ordering Nationwide to pay Martin the sum of $2000 with interest and costs. This action was taken without hearing any evidence, and over the objection and exception of counsel for Nationwide.

The trial court observed in its opinion that Nationwide had from the date of the loss in January 1967 until September 1967 to make its investigation; that Richardson, whose second statement was being urged as the basis for setting aside the compromise settlement, had previously made a statement in which he said that he knew nothing

about the matter; and that Nationwide had not shown what effort it had made, prior to agreeing to a compromise settlement on September 5th, to obtain the evidence which it had available on December 5th.

There is no evidence in the record upon which the court could have made any finding of fact. All that the court had before it were Symple's motion for judgment; Nationwide's grounds of defense; and Martin's motion for an order confirming the compromise.

Frequent reference was made to two statements of Richardson, one having supposedly been given soon after the alleged theft of Symple's property occurred, and the other having been given on September 6th, the day after the agreement was reached by Martin and counsel for Nationwide. Neither of these statements is in evidence or a part of the record.

Despite the paucity of the record, it is clear from the briefs that the parties to the litigation are in agreement as to what occurred. A plaintiff and a defendant, parties to a law suit, agreed to a compromise settlement. The day after the agreement defendant came into possession of information which indicated that it had been the victim of a fraud. Plaintiff was advised of this development and that defendant would refuse to comply with the settlement agreement. Plaintiff then files a written motion in the pending law suit, setting forth the agreement and the defendant's refusal to make settlement, and asks the court to confirm. Defendant resists the motion because of the alleged fraud, and seeks a jury trial of the issue.

The court should have permitted the introduction of evidence by the parties and the trial should have proceeded as any other common law action in which a claim is asserted by a plaintiff and denied by a defendant.

The trial court could not have approved the compromise as a settlement "agreed", for when the case came on for hearing on December 5, 1967, the settlement was not agreed. It had been repudiated, and this posed the issue. Was plaintiff entitled to have the settlement agreement confirmed? Could the defendant vitiate the agreement on the ground of actual fraud? This issue cannot be resolved until the fact of the fraud is determined.

It is well established that "[a]djustments or settlements may be rescinded or avoided for fraud. . . ." 45 C. J. S., Insurance, § 1109B, p. 1350. See also 15 Am. Jur. 2d, Compromise and Settlement, § 30, p. 963; 15A C. J. S., Compromise & Settlement, § 35, p. 250; 4 Mich. Jur., Compromise and Settlement, § 11, p. 20.

This apt statement was made by Judge Keith in a concurring opinion in *Norfolk & W. R. Co.* v. *Mills*, 91 Va. 613, 641, 22 S. E. 556, 564 (1895):

> "There is no instrument so solemn, there is no judgment or decree so binding, but that, if fraud in its procurement be alleged and proved, it ceases to protect the wrong doer or to obstruct the injured in the assertion of their rights."

The procedure which the parties here followed in an effort to secure a resolution of their controversy was an appropriate one. See 15 Am. Jur. 2d, Compromise and Settlement, § 25, p. 958.

Pertinent to the determination of the question of fraud by a jury is this statement found in 15A C. J. S., Compromise & Settlement, § 54, pp. 306, 307:

> "Similarly, it is for the jury to determine on conflicting evidence whether . . . there was fraud or want of good faith in the settlement. . . .
>
> \* \* \*
>
> "On the other hand, where the evidence is clear and undisputed, or leaves no room for opposing inferences, it is a question of law for the court to determine the issues, such as . . . whether it was obtained by fraud or duress. . . ."

Martin contends that Nationwide, having failed to make a motion that it be allowed to offer proof of fraud in the court below, the judgment of the lower court should now be affirmed. The fallacy of this position is that Nationwide was desirous of introducing testimony and its failure to do so was due solely to the action of the trial court in summarily giving judgment for Martin, thereby ending the proceedings. There was in fact no trial and no evidence permitted by either party.

*Fulcher* v. *Whitlow*, 208 Va. 34, 155 S. E. 2d 362 (1967), relied on by the trial court and Martin, is not in point. There a trial had been had and a verdict returned. The losing party sought a new trial on the ground of after discovered evidence. We held that the applicant for a new trial must set forth in affidavits facts showing what his efforts were to obtain the evidence and explaining why he was prevented from securing it. In the instant case there has never been a trial, the introduction of any evidence, or the return of a verdict.

All we have here is an agreement between two parties which one party now refuses to fulfill.

The statements allegedly given by Richardson are not evidence. Had the lower court permitted the trial to proceed, the circumstances surrounding the giving of the two statements by Richardson, their content, the credibility of this man and the other witnesses, and the weight of the testimony would have been matters for consideration by the court and jury. Nationwide was not attempting to reopen a case. It was simply seeking an opportunity to justify its refusal to carry out a contract.

As was observed by counsel for Nationwide in his brief:

> "Nationwide seeks only the opportunity to be heard. Whether or not it will be able to carry its burden and show fraud sufficient to vitiate the compromise settlement remains to be seen. It may well be that at the conclusion of Nationwide's case, the Court will find Nationwide's evidence insufficient. . . ."

For the reasons assigned, the judgment of the lower court is reversed, and this cause is remanded for such further proceedings as may be indicated not inconsistent with the views herein expressed.

*Reversed and remanded.*