Present: All the Justices

EDWARD L. HAMM, JR.

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v. Record No. 982076                    June 11, 1999

JUDITH SUGG SCOTT, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Walter J. Ford, Judge

This appeal stems from the execution of two promissory notes. Part of the consideration for the second note was the promise to forebear attempts to collect on the first note. The sole question on appeal is whether the trial court erred in refusing to enforce the second note. We answer this query in the affirmative and will reverse.

We shall recite the facts, some of which were disputed, in accordance with the findings of the trial court. In October 1989, appellant Edward L. Hamm, Jr., the plaintiff below, agreed to lend $16,080 to appellee Newport Graphics, Inc., a defendant below. Appellee Judith Sugg Scott, the other defendant below, was president of Newport Graphics and a practicing attorney at law. C. Waldo Scott, her father-in-law, was the corporate secretary. The corporation, involved in the printing business associated with the Virginia Lottery, was in "economic distress."

The first promissory note in issue here was drafted by defendant Scott; it was dated October 27, 1989, was payable to

the plaintiff's order, and was made by Newport Graphics. The note, executed by the Scotts on behalf of the corporation, provided for their personal liability as guarantors. The note was for the principal amount of $16,080 with interest at the rate of 11.5% per annum, and provided for payment of principal and interest in 36 equal monthly installments with a final "balloon" payment. It also provided that, in the event of default, the holder could declare the entire unpaid balance immediately due and payable. On October 31, 1989, the plaintiff delivered a personal check payable to Newport Graphics in the principal amount of the note.

The corporation failed to pay the note in accordance with its terms. Between October 1989 and January 1, 1992, the plaintiff received only one payment ($527.78) on the obligation. This default, and information received by the plaintiff that C. Waldo Scott was disposing of some of his assets, prompted preparation and execution of the second note.

As a "courtesy" to defendant Scott, the plaintiff advised her he was prepared to "move quickly" against her father-in-law to collect on the first note because the elder Scott had the financial ability to pay the amount owed. She requested "forbearance" on the plaintiff's part against the father-in-law and offered to "draft something and do some things to assure" that plaintiff, a non-lawyer, was paid.

2

Defendant Scott also drafted the second note; it was dated January 15, 1992, and was made by her individually payable to plaintiff's order in the principal amount of $16,000, plus interest, later stipulated to be at the rate of 8.8% per annum. This note provided for payment in monthly installments during the period 1992-1998. It also provided that payment of the note in accordance with its terms would "extinguish all obligations, debts, accounts and notes of Newport Graphics, Inc. with the Holder hereof." The plaintiff testified that during "the discussion" about the note, he stated to defendant: "If you do exactly what this note, the second note says, then I will agree that it will extinguish, but you must make every payment and do it as it occurs. If not, I will collect under both notes."

Plaintiff received only five payments under the second note. This litigation ensued.

In December 1996, plaintiff filed a motion for judgment, later amended, against defendants seeking to enforce both notes. While the action was pending, a sum to pay the first note was deposited on behalf of Newport Graphics with the clerk of court.

Following an April 1998 bench trial, at which only plaintiff and defendant Scott testified, the court found that "Note No. 2 was given as a forbearance." The court also found, however, "that the second note is not collectible. Mr. Hamm can only collect his money once, cannot collect it twice."

3

In a July 1998 order, the trial court entered judgment on the first note against both defendants and "denied" the plaintiff judgment on the second note. The plaintiff appeals that portion of the judgment order which refused to enforce the second note.

Only defendant Scott has appeared on appeal. She contends the trial court correctly denied judgment on the second note. She argues "[t]here is no evidence of any meeting of the minds of the parties to forbearance and there is nothing within the conduct of these parties to imply a forbearance for Note II." She urges that plaintiff should not be "unjustly enriched" by collecting from her on two notes for the sum plaintiff "loaned" under the first note. We disagree with the defendant.

A promise to forebear the exercise of a legal right is adequate consideration to support a contract. Greenwood Assocs., Inc. v. Crestar Bank, 248 Va. 265, 268, 448 S.E.2d 399, 402 (1994). The agreement to forebear does not require a writing but may be implied from the parties' conduct and the nature of the transaction. Id. at 269, 448 S.E.2d at 402; Troyer v. Troyer, 231 Va. 90, 94, 341 S.E.2d 182, 185 (1986).

In the present action, the trial court, in ruling for the defendant, found as a fact that the parties, by their words and by their conduct, made an agreement that plaintiff would not proceed to enforce the first note against the father-in-law if

4

the defendant would execute a note in his favor.  The evidence fully supports this ruling of forbearance, and the defendant's present argument to the contrary is completely at odds with the facts developed at trial.

The second note is an independently valid contractual obligation on its face.  Therefore, it must be enforced according to its terms because plaintiff agreed to a forbearance only if he could enforce both notes in the event of a default on the second note.

And, the plaintiff will not be "unjustly enriched" by enforcement of the second note.  Upon the theory of implied or quasi-contract based on equitable principles, the law will not allow a person to be unjustly enriched at the expense of another.  Kern v. Freed Co., 224 Va. 678, 680-81, 299 S.E.2d 363, 364-65 (1983).  This is not such a case.  By fulfilling his agreement not to collect from the father-in-law in late 1991 and early 1992 on the first note, plaintiff was denied the opportunity to invest during the succeeding years the approximately $20,000 then due on the note.  In order to reap the benefit of the bargain for which he had contracted, plaintiff must be allowed to enforce the second note pursuant to the understanding that if the second note was not paid, he could collect under both notes.

Accordingly, that portion of the judgment order that denied plaintiff recovery on the second note will be reversed.  The case will be remanded with direction that the trial court compute the amount due under the terms of the second note and enter judgment on that note in favor of the plaintiff.

<u>Reversed and remanded</u>.