Present:  All the Justices

KOSTAS ALEXAKIS

v.  Record No. 001364    OPINION BY JUSTICE ELIZABETH B. LACY
                                        April 20, 2001
DIMITRI P. MALLIOS, AS EXECUTOR
OF THE ESTATE OF RAYMOND A.
GIOVANNONI, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Donald M. Haddock, Judge

In this appeal, we consider whether a settlement agreement recited in open court was valid and binding upon all parties.

Kostas Alexakis filed an amended motion for judgment against Dimitri P. Mallios, Executor of the Estate of Raymond A. Giovannoni (the Estate), American Grill Enterprises, Inc. (AGE), and others, seeking, inter alia, specific performance of an alleged contract for the purchase of certain property from the Estate.  The property consisted of real property and a lease for the operation of a restaurant.  Both Alexakis and AGE had engaged in negotiations with Mallios to purchase the property from the Estate.  The defendants filed various counterclaims and cross-claims.

On the day of trial, February 28, 2000, the parties informed the trial judge that they had reached an agreement resolving all claims.  The agreement was recited in open court

and all counsel and parties consented to the terms of the agreement.

The settlement agreement provided that Alexakis would purchase the property for $4,350,000. Of that amount, $3,900,000 was to be paid in cash and the balance would be paid by a note bearing interest at eight percent. Alexakis and the Estate were to execute the same two purchase contracts and an addendum that were previously executed between the Estate and AGE in April 1999, except as modified to reflect the change in the name of the parties and the purchase price. If the purchase did not occur pursuant to the agreement, AGE acquired the right to purchase the property for $4,300,000. Mutual releases were to be executed and an order of dismissal with prejudice was to be entered. Following the recitation of these conditions and agreement on the record by all parties and counsel, the trial court stated "I am going to consider the matter settled and you all get me an order and enter that in accordance with the stipulations that you've just entered into no later than Wednesday of next week."

The Estate submitted a motion for entry of an order of settlement and dismissal. Alexakis objected to entry of the Estate's proposed order, asserting that certain provisions of the contracts submitted by the Estate had not been modified in accordance with the settlement agreement. Alexakis contended

2

that provisions in the original contracts relating to a $50,000 deposit by the purchaser and the treatment of the deposit upon default by the purchaser or seller should have been modified as part of the agreed upon " 'financing terms and associated provisions.' "  Alexakis also objected to a provision in the addendum added by the Estate that the contract was not assignable.  Alexakis moved for the entry of an alternative order which required the execution of the contracts modified to reflect Alexakis' position.

At a hearing on the motions, the trial judge found that the "settlement is very clear, specifically on the record." The trial court entered an order dismissing the case with prejudice and reciting that the parties were bound by the settlement agreement "made and consented to by all parties and counsel on the record in open Court" as contained in the transcript incorporated by reference.  The order also released a lis pendens that had been placed on the property.  The trial court denied Alexakis' motion to vacate the order.

Alexakis appeals, asserting first that the trial court erred in considering the matter settled and dismissing the various claims with prejudice because, as in Montagna v. Holiday Inns, Inc., 221 Va. 336, 269 S.E.2d 838 (1980), the parties had not agreed on the terms of the settlement.  This lack of agreement or meeting of the minds is shown, according

to Alexakis, because "each side drafted different contracts for the purchase" of the property.  Relying on Nationwide Mutual Insurance Co. v. Martin, 210 Va. 354, 171 S.E.2d 239 (1969), Alexakis also asserts that when this disagreement over the contract terms was presented to the trial court, the trial court should have considered the disagreement and should have allowed Alexakis "the right to renounce the purported compromise and prosecute his original claims."  The facts of this case, however, are distinguishable from those in Montagna and Martin.

In Montagna, the defendants in a wrongful death action filed a plea of release based on a prior purported settlement agreement with the parents of the deceased.  The parents, through their attorney, had agreed to a sum certain for payment of expenses.  However, the insurance company, while agreeing to the amount of the settlement, indicated to the parents' counsel that settlement would require the concurrence of a qualified representative of the decedent's estate and subsequent court approval of the settlement.  This condition was never communicated to the parents of the deceased.  This condition did not relate merely to the "mechanics of fulfilling a binding agreement" but was an "undisclosed condition upon the settlement as a whole to which the beneficiaries had not consented."  221 Va. at 348, 269 S.E.2d

4

at 845-46. Thus, the Court in the <u>Montagna</u> case concluded that the parties never reached a mutual agreement on the essential elements of the settlement.

In contrast, the record in this case unquestionably shows that, on February 28, 2000, all parties and their counsel agreed to a compromise, or settlement, of all claims. The settlement recited in open court provided that Alexakis had the right to purchase the property at a specific price with specific agreements regarding amounts to be paid in cash and amounts to be financed. If Alexakis did purchase the property, the Estate would pay AGE $125,000. If Alexakis did not close on the property, the agreement set out the price and terms upon which AGE could purchase the property. It was agreed that time was of the essence and closing was to occur within sixty days. The terms governing the sale were to be those contained in the contracts and addendum previously executed by the Estate and AGE. This agreement was embodied in the transcript of the February 28, 2000 proceedings.

Unlike the circumstances presented in the <u>Montagna</u> case, there were no undisclosed provisions to which the parties had not consented. The contracts and addendum were available to all parties. When the settlement terms were recited for the record on February 28, Alexakis did not raise any questions, qualifications, or objections regarding the contract terms.

5

The parties agreed that the contracts would be "exactly the same and we will just change the name and the price." There is nothing ambiguous or technical about the terms of the settlement. Any undisclosed interpretation Alexakis may have had regarding the contract terms cannot defeat the unambiguous terms of the agreement into which he entered voluntarily. Wells v. Weston, 229 Va. 72, 79, 326 S.E.2d 672, 676 (1985). Furthermore, if Alexakis' concerns arose after the February 28 hearing, they came too late. "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, [his] second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." Snyder-Falkinham v. Stockburger, 249 Va. 376, 385, 457 S.E.2d 36, 41 (1995). Thus, we reject Alexakis' claim that there was no agreement or meeting of the minds regarding the settlement recited in open court on February 28, 2000.

Alexakis' reliance on Martin for the proposition that when the "parties appeared in court in disagreement over the terms of the settlement, the court erred in refusing to consider the disagreement and in considering the case settled" is likewise misplaced. The facts of Martin are completely different from the facts in this case. Martin involved an insurer's repudiation of a settlement agreement, based on

6

allegations of fraud, prior to any proceeding in court. The "procedure chosen by Martin to resolve the controversy" was a motion to confirm the out-of-court settlement. 210 Va. at 355, 171 S.E.2d at 240. The parties then prepared for a jury trial on the motion, including summoning a number of witnesses to support the insurer's fraud allegations. On the day of trial, before any evidence was taken, the trial court entered an order confirming the prior settlement because it found that the insurer had failed to exercise due diligence in discovering the alleged fraud.

The trial court's judgment was reversed on appeal for a number of reasons: there was no evidence in the record to support the factual findings of the trial court; the trial court could not endorse the settlement as "agreed" because at the time of trial the settlement had been repudiated; and settlements can always be rescinded or avoided for fraud. Id. at 357, 171 S.E.2d at 241-42.

In contrast, here the settlement agreement had been recited in a prior hearing and the trial court stated it considered "the matter settled." The settlement had not been repudiated, and there were no allegations of fraud. Thus, the reasons for reversing the trial court's judgment entering the confirmation order and remanding the case for an evidentiary hearing in Martin do not exist in the instant case, and we

7

reject Alexakis' contention that the trial court should have allowed him to renounce the settlement and prosecute his original claims.

Finally, Alexakis asserts that a binding settlement must contain all the essential elements of a contract, including valuable consideration. Montagna, 221 Va. at 346, 269 S.E.2d at 844. This settlement fails, Alexakis contends, because there was no valuable consideration. Again we disagree.

Alexakis was given the opportunity to purchase the property for a named price, financed in a specific way, within a certain period of time. If Alexakis purchased the property, the Estate would pay AGE a fixed sum. If Alexakis did not purchase the property, AGE would have the opportunity to purchase it. In exchange for these conditions, all parties agreed to release all claims against all other parties to this dispute. "A promise to forebear the exercise of a legal right is adequate consideration to support a contract." Hamm v. Scott, 258 Va. 35, 38, 515 S.E.2d 773, 774 (1999). Thus, the settlement does not fail for lack of valuable consideration.

In summary, we hold that the trial court did not err in dismissing Alexakis' amended motion for judgment with prejudice because the parties' intention to compromise and settle their various claims was objectively manifested in the hearing on February 28, 2000, Snyder-Falkinham, 249 Va. at

8

381, 457 S.E.2d at 39, there were no undisclosed terms of the settlement and there was a meeting of the minds, <u>Montagna</u>, 221 Va. at 347, 269 S.E.2d at 844-45, and the settlement contained all the essential elements of a valid contract.  <u>Id.</u> at 346, 269 S.E.2d at 844.  Accordingly, the judgment of the trial court will be affirmed.

<u>Affirmed.</u>