## CIRCUIT COURT OF THE CITY OF ROANOKE

Norma P. Lawrence

v.

Stephanie R. Barnett

December 11, 2003

Case No. CL03-132

BY JUDGE CHARLES N. DORSEY

This is a personal injury case in which the plaintiff contends that the defendant collided with her vehicle causing injury to the plaintiff. The defendant filed a "Special Plea and Motion to Dismiss." The gist of that special plea is that a prior agreement had been reached between the plaintiff and an insurance claims agent for defendant resulting in an accord and satisfaction. For the reasons that follow, the Court sustains the defendant's special plea.

The defendant alleges in her special plea that, prior to the plaintiff's being represented by legal counsel, she had a telephone conversation with a claims agent of Progressive American Insurance Company who was the defendant's insurer. In that telephone conversation, the defendant alleges that a "final offer" was made and that the plaintiff accepted it.

The parties have stipulated, for the purposes of the defendant's special plea, that the Court could consider evidence adduced at an evidentiary hearing in which the claims adjuster and the defendant both testified. The parties have further stipulated, for the purposes of the ruling on the special plea, that *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 457 S.E.2d 36 (1995), and its progeny, control the legal analysis in this matter.

Procedurally, "a plea in bar is a defensive pleading that reduces the litigation to a single issue, which, if proven, creates a bar to the plaintiff's right of recovery." *Cooper Indus., Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000) (citations omitted). The party asserting the plea in bar

carries the burden of proof. *Id.* Additionally, the issue involved, "upon agreement of the parties ... may be submitted, with an identified body of facts, for the trial court's determination." *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757, 758 (1992) (citation omitted). This Court has previously articulated that a plea in bar may be functionally equivalent to a summary judgment motion and consequently should not be granted if any material fact is genuinely in dispute. *Robinson v. McLeod & Co.*, 59 Va. Cir. 154, 155 (City of Roanoke 2002) (citations omitted).

The one material fact for the purposes of this ruling is the conversation of the claims agent, Jeff Porter, with the plaintiff. Mr. Porter, in pertinent part, testified that, though he had had earlier telephone conversations with the plaintiff, his final telephone call occurred on August 30, 2002. After initial discussion, he concluded by stating "I'll make you a final offer: $5,500.00 for your bodily injury claim. This includes your medical bills."[1] Mr. Porter, interestingly enough, did not recall the plaintiff's verbal response to his "final offer" but recalled that he took her response, whatever it was, to mean that the matter was settled. He further testified that, following her response, he said that he would send her a draft for $5,500.00 and a release.

The plaintiff, Mrs. Lawrence, testified, pertaining to her conversation with Mr. Porter, that Mr. Porter said "The final offer is $5,500.00. Do you accept?" She testified that her response was "Yes." She testified that Mr. Porter then stated, "The offer will be binding when you cash the check or sign the release." Mrs. Lawrence testified that consequently she believed the offer was not binding until the check had been cashed or the release signed. Mrs. Lawrence later testified that she did not clearly remember whether her affirmative response came before or after Mr. Porter's statement that the offer would be binding when the check was cashed or the release signed. However, her testimony on direct examination was that her acceptance of the "final offer" came prior to any statement about the offer being contingent upon the check being cashed or the release signed.

"Once a competent party makes a settlement and acts affirmatively to enter into such settlement, her second thoughts at a later time upon the wisdom of the settlement do not constitute good cause for setting it aside." *Snyder-Falkinham*, 249 Va. at 385, 457 S.E.2d at 41. If an agreement is expressly subject to the execution of a subsequent formal agreement, execution of such formal agreement is a condition precedent to a binding contract. *Golding v. Floyd*, 261 Va. 190, 193, 539 S.E.2d 735, 737 (2001).

---

[1] The evidence in this matter has not been transcribed and the quotation is from notes. As this analysis will ultimately hinge on sequence, rather than specific language, any variation between this quotation and the transcript is insignificant.

Here, however, the plaintiff, Mrs. Lawrence, does not claim: (1) that any formal agreement had to be executed as a condition precedent, nor (2) any contingency was stated *prior* to her acceptance of Mr. Porter's offer. The plaintiff's own evidence is that any such conditional statement was made only after the terms of the offer had been accepted. After Mrs. Lawrence objectively manifested her intent to accept the offer and compromise her claim, no further manifestation, written or otherwise, was required to create a binding agreement. *See Snyder-Falkinham, Golding,* and *Alexakis v. Mallios,* 261 Va. 425, 544 S.E.2d 650 (2001).

Mrs. Lawrence is also bound by her own testimony pursuant to *Massie v. Firmstone,* 134 Va. 450, 114 S.E. 652 (1922).

Consequently, sustaining the special plea and finding, pursuant to Rule of Court 3:18, that there is no material fact genuinely in dispute, the plaintiff's case must be dismissed. The settlement agreement reached by the parties is confirmed with the defendant directed to forward a draft of $5,500.00 (payable to the plaintiff and her counsel) to counsel for the plaintiff along with a release to be executed by the plaintiff. The motion for judgment is dismissed with prejudice upon the execution of the release and negotiation of the draft. All of the plaintiff's objections for the purposes of appeal are noted and preserved.

The defendant has also requested her costs incurred, including attorney's fees, and has additionally requested sanctions upon the plaintiff for filing the instant action. I will address these in inverse order.

Both counsel are well known to the Court, with deserved reputation of the highest order. I consequently believe that the request for sanctions is merely a "boiler plate" request. To quote the Honorable Clifford R. Weckstein from the *Robinson* case, "No one legitimately can question the professionalism and integrity of the outstanding and upstanding [lawyer] who filed these defensive pleadings. I am not criticizing [him] when I respectfully suggest that this is not a case in which invocation of [sanctions] was warranted." 59 Va. Cir. at 160. To further quote Judge Weckstein later in the same opinion, such a request for relief:

> impugns the attorney's professional integrity. It thus should be made only after the most sober consideration. Those who make such a request should, I suggest, satisfy themselves that they have a solid good-faith objectively reasonable belief that the opponent's claim is groundless, unreasonable, or frivolous. ... No harm was done here, but I fear that the invocation of [sanctions] has slipped into the "routine" prayers for relief of too many good lawyers.

*Id.* at 162. I cannot more accurately express my feelings.

Regarding attorney's fees, I feel compelled to note that the defendant's evidence, in all probability, would not have resulted in the defendant's special plea having been sustained. Both Mr. Porter and Mrs. Lawrence were extraordinarily candid, perhaps somewhat to his or her detriment, but I believe the defendant and her counsel absolutely needed the plaintiff's testimony in order to have this motion sustained. I further believe from the facial expressions in the courtroom and reasonable inferences that the Court may draw that the plaintiff's testimony was not expected and possibly not known. This lawsuit was properly initiated and properly defended, and there is no reason to apportion costs or attorney's fees in any way other than each party's bearing her own.