STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, APPELLANT, v. GLENN MOSS, RESPONDENT.

No. 20810

December 7, 1990                                    802 P.2d 627

*Brian McKay,* Attorney General, Carson City; *Grenville Thomas Pridham,* Deputy Attorney General, Las Vegas, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

On July 14, 1988, at approximately 3:45 a.m., Trooper Julie

Young of the Nevada Highway Patrol stopped for a light on Harmon Avenue in the westbound lane. While waiting for the light to change, Young was nearly struck in the rear by respondent Glenn Moss. Moss was driving a red and white Chevrolet pickup. He swerved to the left to miss the patrol car and stopped in the eastbound travel lane facing oncoming traffic. Young stopped Moss and noticed that he had slurred speech and bloodshot eyes. Moss also had alcohol on his breath. His feet were unsteady and he used the truck to balance himself. Young administered a field sobriety test, which Moss failed. Young arrested Moss for driving under the influence of intoxicating liquor. Young read Moss the implied consent admonition and transported him to the Clark County Detention Center. Moss voluntarily submitted to a blood test, which revealed that his blood contained 0.21 percent alcohol. The Department of Motor Vehicles and Public Safety (DMV) subsequently revoked Moss' driving privileges for a ninety-day period, effective November 12, 1988, through January 16, 1989.

Moss requested an administrative hearing. The hearing officer upheld the DMV's revocation of Moss' license. He found that Trooper Young had reasonable grounds to believe Moss was driving on a highway while under the influence of intoxicating liquor. He further found that the results of the evidentiary test disclosed 0.10 percent or more, by weight, of alcohol present in Moss' bloodstream.

On October 28, 1988, Moss filed a petition for judicial review in the district court. On that same day, the district court granted Moss' ex parte motion for a temporary stay order pursuant to NRS 233B.140(1). On November 15, 1988, the DMV filed an answer to Moss' petition for judicial review.

On May 26, 1989, Moss filed his opening brief. On July 3, 1989, the DMV filed a motion to dismiss Moss' petition due to mootness. The DMV erroneously believed that Moss had served his revocation period. In its decision and order dated August 31, 1989, the district court denied the DMV's motion to dismiss, and ordered counsel for the DMV to answer Moss' brief within fourteen (14) days. On September 25, 1989, the DMV appealed the decision and order of the district court to this court.[1]

On October 9, 1989, the DMV filed a brief in opposition to Moss' petition for judicial review. Thereafter, on October 20,

---

[1]The district court dismissed the appeal on October 10, 1989, pursuant to a stipulation by the parties. On November 22, 1989, this court, unaware of the district court's order, dismissed the DMV's appeal for lack of jurisdiction. *See* Department of Motor Vehicles v. Moss, No. 20396 (Dec. 20, 1989) (order granting petition for rehearing).

1989, Moss filed a motion for an order granting his petition for judicial review. This motion was based on the fact that the DMV had failed to file a responsive brief within the fourteen-day period ordered by the court. The district court granted the petition pursuant to EDCR 2.20(b).[2]

Dismissal is a severe sanction which should not be lightly ordered. Policy strongly favors deciding cases on their merits. Adams v. Lawson, 84 Nev. 687, 448 P.2d 695 (1968). *See also* Dean Witter Reynolds, Inc. v. Roven, 609 P.2d 720, 721 (N.M. 1980) (courts universally favor a trial on the merits). In the present case, there are no countervailing factors which outweigh this policy.

The DMV failed to comply with an order of the court.[3] This failure was due to an erroneous belief that respondent had served his ninety-day suspension. While respondent could have informed appellant of the stay, he did not.[4] Instead, he misled the DMV into believing that his revocation period had been served.[5] Respondent should not be rewarded for his actions. He was not in any way prejudiced by the delay which he himself caused. The DMV made its error in good faith. We therefore hold that it was an abuse of discretion for the district court to overturn the decision of the administrative hearing officer.

Accordingly, we reverse the order of the district court, and remand this case for further proceedings not inconsistent with this opinion.

---

[2]Failure of the opposing party to serve and file his written opposition may be construed as admission that the motion is meritorious and a consent to granting the same. EDCR 2.20(b). We note that such a construction is inappropriate in a case such as the present where the failure to file results from a misrepresentation of the facts by the opposing party.

[3]We acknowledge that sanctions are appropriate where a party fails to comply with a court order. We hold, however, that dismissal was too severe a sanction to apply in the present case.

[4]The DMV had no knowledge of the stay order until September 25, 1989, and did not receive a copy of the order until October 9, 1989.

[5]Moss' brief in opposition to the DMV's motion to dismiss suggests that he served his revocation time. Specifically, Moss says "[t]he 90 day period ran and the Petitioner, was permitted to reinstate his driving privilege in the state of Nevada, . . . ."