728 A.2d 206

**Ornella CALABI**

v.

**GOVERNMENT EMPLOYEES INSURANCE CO.**

**No. 106, Sept. Term, 1998.**

Court of Appeals of Maryland.

April 21, 1999.

Jay L. Cohen (Jay L. Cohen, P.C., on brief) of Chevy Chase, for petitioner.

Jeffrey T. Brown (Budow & Noble, P.C., on brief) of Bethesda, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

RODOWSKY, Judge.

The petition for certiorari in this case presents the following issue:

> "Can a trial court resolve a contested motion to enforce a settlement agreement by conducting an evidentiary hearing—with itself determining the 'credibility of witnesses' and the 'weight of the evidence' during that hearing—rather than allowing the jury to make those factual determinations under Article 23 of the Maryland Declaration of Rights?"

This issue stems from a breach of contract action filed by the petitioner, Ornella Calabi (Calabi), against her home-

owner's insurance carrier, the respondent, Government Employees Insurance Co. (GEICO). GEICO allegedly failed to reimburse Calabi under her homeowner's insurance policy for losses she sustained due to theft and water damage. The suit was filed in March 1994 in the Circuit Court for Montgomery County, and Calabi requested a jury trial, as did GEICO in its answer.

On April 27, 1995, during a pretrial hearing, the parties informed the court that they had agreed upon a settlement. The court subsequently issued an order removing the case from the trial calendar and staying the action.

In May 1995 Calabi moved, *pro se*, to void the settlement agreement and to reset the case for trial, alleging that she was induced to settle by duress imposed on her by the court and by her former counsel. The circuit court denied this motion, but the underlying action continued as an open case on the docket. Calabi appealed to the Court of Special Appeals which, by an unreported opinion filed in February 1997, dismissed the appeal for lack of a final judgment.

Thereafter GEICO moved in April 1997 to enforce the April 27, 1995 settlement agreement. Calabi, now represented by her present counsel, opposed the motion to enforce the settlement agreement and cross-moved to lift the stay on the litigation. Citing Article 23 of the Maryland Declaration of Rights, Calabi argued that "[i]t is for the Jury to decide in this case whether or not this alleged 'settlement' is vitiated by 'duress'."

The circuit court held a hearing on the motions. GEICO argued that, where a settlement agreement sought to be enforced is challenged, a plenary evidentiary hearing is required pursuant to *David v. Warwell*, 86 Md.App. 306, 586 A.2d 775 (1991). Calabi argued that the issue of whether duress canceled the settlement agreement was a question to be resolved by a jury. The circuit court (Louise G. Scrivener, Judge) disagreed with Calabi stating:

"Well, the jury trial prayer is in connection with the underlying claim for relief. This is an interim matter that is

not the underlying claim for relief, and that is what you have requested a jury trial [for] and that is what you would get a jury trial on if you get past the motion to enforce the agreement.

"But I disagree with you that that issue, if in fact there is a dispute between them as to the voluntariness of that agreement, I believe that is a matter properly heard by a judge, not a jury. It is not a separate cause of action."

The court scheduled an evidentiary hearing.

During the evidentiary hearing, the circuit court again ruled that Calabi was not entitled to a jury trial on the issue of duress. After hearing opening statements, examination and cross-examination of witnesses, and closing arguments, the circuit court (Paul A. McGuckian, Judge) concluded that the settlement agreement was valid. The circuit court entered an order in October 1997 denying Calabi's motion to lift the stay and granting GEICO's motion to enforce the settlement agreement. Calabi appealed to the Court of Special Appeals.

In an unreported opinion that court affirmed, reasoning that a plenary evidentiary hearing was held as required by *David v. Warwell, supra,* and holding that Calabi's right to a jury trial was not violated because she did not challenge the settlement agreement in a separate action but instead challenged it in the same action. With regard to the latter point, the Court of Special Appeals stated that Judge Scrivener's explanation

"was precisely on point, and it is worth reiterating a portion of her explanation: 'This is an interim matter that is not the underlying claim for relief. . . . It is not a separate cause of action.' Accordingly, [Calabi] cannot expect the trial court to submit to the trier of fact every disputed preliminary matter when that preliminary matter does not directly pertain to the underlying merits of the claim. Such a procedure would be an absurd waste of judicial resources, as trial courts would be bogged down with submitting preliminary matters to the trier of fact without ever reaching trial."

Calabi petitioned for a writ of certiorari to this Court, which we granted. 351 Md. 285, 718 A.2d 233 (1998). We shall affirm for reasons plainly appearing from the record but which are somewhat different from, and more fundamental than, those relied on below.

"Courts look with favor upon the compromise or settlement of law suits in the interest of efficient and economical administration of justice and the lessening of friction and acrimony." *Chertkof v. Harry C. Weiskittel Co.*, 251 Md. 544, 550, 248 A.2d 373, 377 (1968), *cert. denied*, 394 U.S. 974, 89 S.Ct. 1467, 22 L.Ed.2d 754 (1969). A valid settlement agreement is a type of contract. *Clark v. Elza*, 286 Md. 208, 219, 406 A.2d 922, 928 (1979). In general, an agreement to discharge a pre-existing claim is regarded as an executory accord. *Id.* at 215, 406 A.2d at 926. As explained by this Court, "An executory accord is simply a type of bilateral contract. As long as the basic requirements to form a contract are present, there is no reason to treat such a settlement agreement differently than other contracts which are binding." *Id.* at 219, 406 A.2d at 928.

Once a settlement agreement has been entered into, a party may move to enforce the agreement. *See, e.g., Chertkof,* 251 Md. at 548, 248 A.2d at 375. Because a settlement agreement is a type of contract, a motion by a party who is to be released from the adversary's claim that seeks to enforce the settlement agreement seeks a decree that the contract be specifically performed. *See, e.g., id.* at 549, 248 A.2d at 376 (circuit court appointed trustee to execute release and order of satisfaction for the disavowing releasor); E. Fry, *A Treatise on the Specific Performance of Contracts* § 1578, at 719 (6th ed. 1921) ("The Court will specifically enforce private compromises of rights in the way in which it will any other contracts."); *see also* E.G. Miller, Jr., *Equity Procedure as Established in the Courts of Maryland* § 668, at 775 (1897); J.N. Pomeroy, *A Treatise on the Specific Performance of Contracts* § 16, at 21–22 (2d ed. 1897). "Specific performance is within the sound discretion of a court of equity[,] and as

such is exclusively within the province of equity and cannot be obtained in a court of law." *Horst v. Kraft*, 247 Md. 455, 459, 231 A.2d 674, 676 (1967) (citation omitted).

Calabi's contention that the settlement agreement is void because of duress in effect asks the court to rescind the contract. *Vincent v. Palmer*, 179 Md. 365, 371, 19 A.2d 183, 188 (1941) ("[W]hen a contract has been entered into between competent parties, it is not within the power of either party to rescind it . . . in the absence of fraud, duress, or undue influence. . . ."); 3 J.N. Pomeroy, *A Treatise on Equity Jurisprudence* § 950, at 768–69 (5th ed. 1941) ("Whenever a conveyance or contract is obtained by actual duress, equity will grant relief, defensively or affirmatively, by cancellation, injunction, or otherwise, as the circumstances may require."). "It is beyond dispute that the authority of a court to rescind or cancel a contract is purely equitable." *Creamer v. Helferstay*, 294 Md. 107, 114, 448 A.2d 332, 335 (1982).

Thus, although a settlement agreement may resolve a dispute involving, as here, an action at law, a motion to enforce the agreement and opposition thereto seeking avoidance of the agreement on the basis of duress both seek equitable relief, namely, specific performance and rescission. The hearing on the motion to enforce therefore invoked the circuit court's equitable powers.

There are two provisions in the Maryland Declaration of Rights regarding the right to trial by jury. The first, Article 5, in relevant part provides:

"(a) That the Inhabitants of Maryland are entitled to the Common Law of England, and the trial by Jury, according to the course of that Law. . . .

"(b) The parties to any civil proceeding in which the right to a jury trial is preserved are entitled to a trial by jury of at least 6 jurors.

"(c) That notwithstanding the Common Law of England, nothing in this Constitution prohibits trial by jury of less than 12 jurors in any civil proceeding in which the right to a jury trial is preserved."

Md.Code (1958, 1981 Repl.Vol., 1998 Cum.Supp.), Constitutions Article. This constitutional guaranty dates to Section 3 of the original Declaration of Rights adopted on August 14, 1776.

The second provision is Article 23. It provides:

"The right of trial by Jury of all issues of fact in civil proceedings in the several Courts of Law in this State, where the amount in controversy exceeds the sum of $10,000, shall be inviolably preserved."

*Id.* This constitutional guaranty dates to Section 4, Article X of the Constitution of 1851.

■  With regard to Article 23,

"[t]his Court long ago recognized that this provision preserves 'unimpaired the ultimate historical right as it existed at the time of our separation from the mother country . . . .' As jury trials were historically available in actions at law, constitutionally the right must still exist as to any legal issue holding the right to jury trial in 1776."

*Higgins v. Barnes,* 310 Md. 532, 542, 530 A.2d 724, 729 (1987) (quoting *Knee v. Baltimore City Passenger Ry. Co.,* 87 Md. 623, 627, 40 A. 890, 892 (1898)); *accord Martin v. Howard County,* 349 Md. 469, 480, 709 A.2d 125, 131 (1998). This guaranty of the right to a jury trial in actions at law remains absolute despite the procedural merger of law and equity in 1984. *Higgins,* 310 Md. at 542, 530 A.2d at 729; *Martin,* 349 Md. at 488, 709 A.2d at 135.

■  In contrast, there is no constitutional right to a jury trial for proceedings in equity. Historically, the Chancellor, rather than a jury, decided all questions of law and fact.

"An issue of fact from a court of equity to be tried by a jury is not a matter of right, at any stage of the proceeding. . . . Indeed there is no doubt that a court of equity has the power and full right to decide every question of law or fact which may arise out of the subject-matter before it, and

over which it has jurisdiction, and the trial by issue forms no necessary incident to the proceedings of such court." *Chase v. Winans,* 59 Md. 475, 479 (1883).

Thus, in the instant matter we need not explore the validity or ramifications of the reasoning of the courts below. *Creamer v. Helferstay, supra,* was decided when there were separate law and equity courts in Baltimore City. One of the law courts, having found unintentional misrepresentation and unilateral mistake, ordered rescission of a contract of settlement of an action at law for damages by an order entered in that very action. On our own motion we vacated the order because the law court "was clearly without the power to order rescission of the settlement agreement in this case." 294 Md. at 114, 448 A.2d at 335–36. In the instant matter the determinative factor on the issue of entitlement to a jury trial is the nature of the relief sought. Even if Calabi had filed a separate action to set aside the settlement or GEICO had filed a separate action specifically to enforce the settlement, neither would have been entitled to a jury trial, because the relief requested is equitable.

Calabi lays emphasis on two out-of-state decisions, *Nationwide Mutual Insurance Co. v. Martin,* 210 Va. 354, 171 S.E.2d 239 (1969), and *Wende v. Orv Rocker Ford Lincoln Mercury, Inc.,* 530 N.W.2d 92 (Iowa Ct.App.1995). In neither case was the issue squarely presented that is before us in the instant matter. In neither case had the court conducted a plenary evidentiary hearing on the issue of whether the settlement agreement should be enforced; rather, the issue presented in each case was whether the aggrieved party had the right to produce evidence. It was in the context of discussing the latter issue that the courts referred to determinations of questions of fact by a jury. These dicta statements do not persuade us to overrule our decisions and to adopt for resolution of the issues presented in the instant matter a rule of the type alluded to in the above-cited Virginia and Iowa opinions.

In this case, because both parties seek equitable relief with regard to the settlement agreement, Calabi has no right under

Article 23 of the Declaration of Rights to have a jury decide questions of fact concerning whether there was duress sufficient to warrant rescinding the settlement agreement. In general, "[i]n this State there is no right to a jury trial in a court of equity." *Impala Platinum Ltd. v. Impala Sales (U.S.A.), Inc.,* 283 Md. 296, 320, 389 A.2d 887, 901 (1978).

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER, ORNELLA CALABI.*

CHASANOW, J., concurs in the result only.