IRWIN MARCUSE AND EDITH MARCUSE, INDIVIDUALS, APPELLANTS, *v.* DEL WEBB COMMUNITIES, INC., AN ARIZONA CORPORATION, RESPONDENT.

No. 44508

IRWIN MARCUSE AND EDITH MARCUSE, APPELLANTS, *v.* DEL WEBB COMMUNITIES, INC., AN ARIZONA CORPORATION, RESPONDENT.

No. 44753

August 2, 2007                               163 P.3d 462

---

*Lemons Grundy & Eisenberg* and *Robert L. Eisenberg*, Reno; *Nik V. Walters*, Reno, for Appellants.

*Doyle Berman Gallenstein, P.C.*, and *Gary T. Ashman* and *William H. Doyle*, Las Vegas, for Respondent.

Before the Court En Banc.[1]

## OPINION

By the Court, HARDESTY, J.:

In these consolidated appeals, we consider whether the appellants, who were unnamed class members in a constructional defect action, had standing to object to a proposed settlement and whether they now have standing to appeal the district court's final order approving the settlement and dismissing the class action. We also consider whether the district court should have allowed the appellants to pursue a second action independent from the class action (second action), based on the doctrine of judicial estoppel. Because unnamed class members in a constructional defect class action case are parties to the class action, we conclude that they have standing to object to a proposed settlement. Further, since unnamed class members who are unable to opt out of the settlement must be permitted an opportunity to preserve their own interests against a settlement that will ultimately bind them, they also have standing to challenge the district court's approval of the settlement, in an appeal from the final judgment. Nonetheless, the district court did

---

[1]THE HONORABLE RONALD D. PARRAGUIRRE, Justice, and THE HONORABLE NANCY M. SAITTA, Justice, voluntarily recused themselves from participation in the decision of these matters.

not abuse its discretion in approving the settlement in this case, and we therefore affirm the dismissal of the class action based on the settlement.

We also conclude, however, that the district court erred when it dismissed the appellants' second action under the doctrines of res judicata and collateral estoppel, because the respondent represented that the appellants could file a second action for their claims that exceeded the constructional defect class action's scope, and therefore respondent is judicially estopped from arguing that the action should be dismissed on res judicata grounds. We therefore reverse the district court's order granting the respondent's motion to dismiss the second action and remand the appeal in Docket No. 44508 to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Appellants Irwin and Edith Marcuse owned a home in the Sun City Summerlin housing development in Las Vegas, Nevada, which was built by respondent Del Webb Communities, Inc. The homes, including the Marcuses' home, were constructed with unsleeved, underslab domestic water copper plumbing lines, which were later found to be defective. In July 2001, five homeowners filed a class action lawsuit against Del Webb on behalf of 6,500 Summerlin homeowners, based on the latent deficiencies in the plumbing. The class originally consisted of all Summerlin homeowners with unsleeved, underslab copper plumbing.

In January 2002, the district court certified the class. Class members soon received notice of the class action, which instructed them that they could opt out of the class no later than November 15, 2002. By the November opt-out date, the Marcuses had neither opted out of the class nor experienced an actual plumbing failure in their home. However, on May 23, 2003, the Marcuses returned home from a vacation to find their house flooded. The Marcuses soon discovered that the source of the water was a leak or rupture in the underslab water pipes. Although the class action was still pending, the Marcuses could no longer opt out.

Del Webb paid for the costs of repairing the defective plumbing in the Marcuses' home, but did not compensate the Marcuses for the full damages that resulted from the flooding, the resultant damages. Del Webb ultimately repaired more than 600 homes constructed with the defective plumbing at its own expense. Following negotiations with the class, the class plaintiffs agreed to dismiss from the class action all members who had experienced underslab plumbing leaks and whose defective plumbing had been repaired by Del Webb.

The Marcuses attempted to resolve their resultant damages claim within the class action by filing a motion to consolidate their claim with the class action claims, under NRCP 23 and NRCP 42(a). In

opposing the motion to consolidate, Del Webb argued that (1) contrary to the requirements of NRCP 42(a), the Marcuses had failed to demonstrate any pending action involving a common question of law or fact, and (2) there were no common questions of law or fact between the Marcuses' claims and the class's claims, since the class action sought recovery for future damages, not resultant damages. However, Del Webb asserted that the Marcuses could pursue a second action against Del Webb to recover resultant damages, so the Marcuses would suffer no prejudice if the district court denied their motion. The district court denied the motion to consolidate.

Subsequently, the Marcuses filed another motion under NRCP 23 and NRCP 42(b) for a separate trial within the class action on their resultant damages. In arguing for a separate trial within the class action, the Marcuses asserted that Del Webb had essentially agreed in its opposition to the motion to consolidate that a separate trial was appropriate.

Del Webb opposed the separate trial motion, arguing that (1) the Marcuses still had failed to file their own complaint or show any pending action, and thus their motion fell outside the scope of NRCP 42; (2) NRCP 23 did not support the Marcuses' position because the Marcuses were no longer members of the class, since the class sought recovery for future damages and the Marcuses had actual, not future, damages; and (3) a separate trial within the class action would prejudice Del Webb because it would not have any opportunity to conduct discovery. Once again, however, Del Webb asserted that the Marcuses could pursue a second action against Del Webb. The district court orally denied the Marcuses' motion for a separate trial within the class action.[2]

As the Marcuses and Del Webb litigated these motions, the class action proceeded and the Marcuses attempted to pursue a second action against Del Webb. In June 2004, the district court granted preliminary approval of a proposed class settlement for $21.5 million. The proposed settlement notified the class members that the settlement was only for class plaintiffs whose homes had not yet been repaired, and that any homeowners whose plumbing had already been repaired would not receive any of the settlement proceeds.

The Marcuses immediately filed an independent complaint against Del Webb to initiate the second action. Del Webb filed a motion to dismiss the second action, arguing that the Marcuses had participated in the class action as class members, that their claims

---

[2]We have previously held that a dispositional, non-administrative court order addressing the merits of a case must be written, signed, and filed in order to be effective. *State, Div. Child & Fam. Servs. v. Dist. Ct.*, 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004). Although the oral order is thus not effective, the parties do not raise this issue.

had already been litigated in the class action, and that the doctrines of res judicata and collateral estoppel prevented the Marcuses from re-litigating their claims. The district court determined that the Marcuses' status as class members in the class action, since the Marcuses never opted out of nor were removed from the class, barred re-litigation of any claims that were or could have been part of the class action. Thus, the district court granted Del Webb's motion to dismiss the second action based upon the doctrines of res judicata and collateral estoppel.

In August 2004, before the district court granted Del Webb's motion to dismiss the second action, the class representatives filed a motion for final approval of the settlement in the class action. The Marcuses opposed the settlement and challenged its effect on their resultant damages claim. Thereafter, the Marcuses filed an NRCP 60(b) motion for relief from any judgment, order, or proceeding in the class action that affected their ability to pursue their claim for resultant damages. Nevertheless, the district court granted the class representatives' motion and approved the settlement. Based upon its approval of the class settlement, the district court then entered its final judgment—a stipulation and order dismissing the class action with prejudice. Finally, the district court denied the Marcuses' NRCP 60(b) motion but did not elaborate upon its reasoning.

The Marcuses now appeal the district court's order dismissing the class action with prejudice and the district court's order granting Del Webb's motion to dismiss the second action.[3] Specifically, with regard to the dismissal of the class action, the Marcuses argue that the district court erred in denying their motion to consolidate and their motion for a separate trial within the class action. As to the dismissal of the second action, the Marcuses argue that Del Webb's arguments during the class action phase unfairly prevented them from pursuing their resultant damages claim.

## DISCUSSION

### Standing and final approval of the settlement

Whether an unnamed class member has standing to appeal from the final judgment in a class action is an issue of first impression in Nevada. Furthermore, there is a split of authority on this issue. Many jurisdictions have concluded that a class member who has registered some objection with the trial court has standing to ap-

---

[3]The Marcuses also challenge the district court's order denying their NRCP 60(b) motion for relief, which in this case is independently appealable as a special order after final judgment. *See Holiday Inn v. Barnett*, 103 Nev. 60, 63, 732 P.2d 1376, 1378-79 (1987). In their NRCP 60(b) motion, the Marcuses argued that Del Webb should be estopped from benefiting from the order granting its motion to dismiss the second action. Given our disposition today, the Marcuses' appeal from the order denying NRCP 60(b) relief is moot.

peal. The United States Supreme Court has held that an unnamed class member who has already objected to the approval of a settlement in a timely manner at a fairness hearing has standing to appeal without formally intervening.[4] In *Devlin v. Scardelletti*, the Court recognized that unnamed class members are parties to the proceedings in that they are bound to the final settlement in a class action.[5] The Court further reasoned that if unnamed class members who timely object to a settlement in a fairness hearing lack standing to appeal the approval of the settlement, then they are deprived of the ability to preserve "their own interests in a settlement that will ultimately bind them, despite their expressed objections before the trial court."[6] The Court also noted that the unnamed class member in the case was unable to opt out of the settlement, and so challenging the approval of the settlement was the only means by which the petitioner could protect himself from "being bound by a disposition of his rights" that he found questionable.[7] Finally, the Court determined that its holding did not conflict with any aspect of class action procedure.[8]

Similarly, the Ninth Circuit Court of Appeals has held that an unnamed class member in a shareholders' securities fraud class action, after filing an objection with the trial court to the amount of attorney fees requested in a settlement, has standing to challenge the award of such fees without first intervening.[9] In *Powers v. Eichen*, the Ninth Circuit stated that unnamed class members, who may not have participated in attorney fee negotiations, have a significant incentive to litigate the fairness and reasonableness of attorney fees because there is an inverse relationship between attorney fees and the final value of the class member's award.[10] The court further noted that requiring an unnamed class member to formally intervene under the rules of civil procedure in order to challenge an award of attorney fees would create "a procedural hurdle that would delay the ultimate resolution of the case and unnecessarily burden those involved."[11] According to the court, the need to ensure the fairness and adequacy of fee awards outweighs any risk of complicating the settlement process by allowing nonintervening, unnamed parties to appeal.[12]

---

[4] *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002).

[5] *Id.* at 10.

[6] *Id.*

[7] *Id.* at 10-11.

[8] *Id.* at 9.

[9] *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

[10] *Id.*

[11] *Id.*

[12] *Id.*

However, a minority of courts has held otherwise. For example, the Fifth Circuit Court of Appeals has held that an unnamed class member lacks standing to appeal the final judgment in a class action because such a member has adequate collateral avenues of relief under the federal rules, such as moving to intervene.[13]

We conclude that the minority case authority exalts form over substance and impedes judicial economy. *Devlin* and *Powers* represent the better reasoned view because they provide an efficient and practical judicial step for unnamed class members who are unable to opt out of the class to question settlements to which they will be bound. In this case, the objection filed in connection with the class action settlement was sufficient to give notice of the Marcuses' intent to preserve the collateral relief they sought. To require an application for intervention to raise the objection would unduly burden class proceedings. Accordingly, the Marcuses had standing to object to the proposed settlement and to appeal the district court's order dismissing the class action based on the settlement. This conclusion also rests upon the unique nature of the class action, whereby an unnamed class member is a party to the class action despite being unnamed, even though only the named representatives pursue claims on behalf of the class.[14]

Nonetheless, we discern no error in the district court's final approval of the settlement. The district court granted final approval of the settlement and dismissed the class action only after the class plaintiffs moved for final approval and after the class plaintiffs and Del Webb stipulated to dismiss the action. Further, the Marcuses' objection to the settlement was focused on their right to recover resultant damages rather than the merits and actual subject matter of

---

[13]*Walker v. City of Mesquite*, 858 F.2d 1071, 1073 (5th Cir. 1988).

[14]We recognize that this court has traditionally undertaken a strict view of which persons and entities have standing to appeal as parties to an action. *See Olsen Family Trust v. District Court*, 110 Nev. 548, 553-54, 874 P.2d 778, 781-82 (1994) (the failure of a real party in interest to join a trust as a party was fatal error, where the trust owned all the assets at issue and was therefore a necessary party under NRCP 19(a)); *Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 446-48, 874 P.2d 729, 734-35 (1994) (shareholders in a derivative action were not parties with standing to appeal because they never intervened and thus never became parties of record); *Albany v. Arcata Associates*, 106 Nev. 688, 689-90, 799 P.2d 566, 567-68 (1990) (attorney for defendants could not appeal order of sanctions because he was not a party to the action); *Estate of Hughes v. First Nat'l Bank*, 96 Nev. 178, 180, 605 P.2d 1149, 1150 (1980) (minor and absent heirs lacked standing to appeal because they were nonexistent heirs rather than "actual, existing parties").

Fundamentally, however, class members are parties to the class action, even though they may be unnamed. Thus, our cases that take a stricter view of standing to appeal are distinguishable from the present case.

the class settlement as a whole. Under these circumstances, we conclude that the district court did not abuse its discretion in granting final approval of the settlement.[15]

*The Marcuses' motion to consolidate and motion for a separate trial*

Both NRCP 42(a) and its federal counterpart allow for consolidation of actions that involve a common question of law or fact.[16] Under FRCP 42(a), which is identical to NRCP 42(a), federal district courts enjoy broad, but not unfettered, discretion in ordering consolidation.[17] Additionally, this court has held that a district court exercises its own sound discretion in considering a motion to order a separate trial under NRCP 42(b).[18]

This court has already stated that "[p]olicy strongly favors deciding cases on their merits."[19] We also recently described how the class action framework promotes efficiency and justice by reducing the possibility that courts will have to adjudicate several separate suits that all arise from a single wrong.[20] Ordinarily, judicial economy would promote the trial of claims such as the Marcuses' claims within a class action when the district court has already certified the class and the action is pending.

However, in opposing the Marcuses' motion to consolidate and motion for a separate trial within the class action, Del Webb claimed that the Marcuses were free to file a second action against Del Webb outside of the class action.[21] In fact, in its opposition to the Marcuses' motion to consolidate, Del Webb specifically argued

---

[15]*Doctors Company v. Vincent*, 120 Nev. 644, 653, 98 P.3d 681, 687 (2004) (indicating that a district court's approval of a settlement is subject to an abuse-of-discretion standard of review).

[16]NRCP 42(a) and FRCP 42(a) state,

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

[17]*Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).

[18]*C.S.A.A. v. District Court*, 106 Nev. 197, 199, 788 P.2d 1367, 1368 (1990).

[19]*State, Dep't of Mtr. Vehicles v. Moss*, 106 Nev. 866, 868, 802 P.2d 627, 628 (1990).

[20]*Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005).

[21]We have noted that "a single cause of action may not be split and separate actions maintained." *Smith v. Hutchins*, 93 Nev. 431, 432, 566 P.2d 1136, 1137 (1977). However, Del Webb did not raise this issue in the trial court and does not raise it on appeal. Thus, we determine that this issue is waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

that the district court should order a second action. Del Webb suggested that because the Marcuses could file a second action, they would not suffer any prejudice if the district court denied their motion to consolidate and motion for a separate trial within the class action. Since Del Webb assured the district court that the Marcuses could still file a second action outside of the class action, we determine that the district court did not abuse its discretion in denying the motion to consolidate and the motion for a separate trial within the class action.[22]

*Judicial estoppel and the dismissal of the second action*

The Marcuses argue that the district court should have denied Del Webb's motion to dismiss the second action based on the doctrine of judicial estoppel. We agree.

The application of judicial estoppel is a question of law which this court reviews de novo.[23] Judicial estoppel applies when the following five criteria are met:

> "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake."[24]

The central purpose of judicial estoppel is to guard the judiciary's integrity, and thus a court may invoke the doctrine at its own discretion.[25] Nonetheless, we have stated that judicial estoppel

---

[22]We have also observed that under NRCP 7, only certain pleadings are permissible in a civil action. *Smith v. District Court*, 113 Nev. 1343, 1346, 950 P.2d 280, 282 (1997). These pleadings include a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer. *Id.* No other pleading is allowed, although a court may order a reply to an answer or a third-party answer. *Id.* In this case, Del Webb argued that because the Marcuses had not filed a complaint or supported their motion for a separate trial within the class action with pleadings, a separate trial within the class action would prejudice Del Webb since Del Webb could not even conduct basic discovery until a formal complaint was filed. Accordingly, Del Webb repeatedly asserted before the district court that the Marcuses should file a complaint in a second action if they wanted to pursue their resultant damages claim and that a second action would be more appropriate than allowing the Marcuses to conduct a separate trial within the class action.

[23]*NOLM, LLC v. County of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004).

[24]*Id.* (quoting *Furia v. Helm*, 4 Cal. Rptr. 3d 357, 368 (Ct. App. 2003)).

[25]*Id.*

should be applied only when " 'a party's inconsistent position [arises] from intentional wrongdoing or an attempt to obtain an unfair advantage.' "[26] However, the doctrine of judicial estoppel "does not preclude changes in position that are not intended to sabotage the judicial process."[27]

In its opposition to the Marcuses' motion to consolidate, Del Webb asserted that the Marcuses were not members of the class. Yet in its motion to dismiss and during the hearing on the motion, Del Webb argued that the Marcuses were members of the class and had thereby already litigated their issues in the class action suit.

Applying the five-factor test described above to Del Webb's conduct, it becomes clear that judicial estoppel was the appropriate basis upon which to deny the motion to dismiss. Here, Del Webb took totally inconsistent positions in the separate judicial proceedings. Also, because the district court denied the Marcuses' motion to consolidate and their motion for a separate trial within the class action, Del Webb was successful in asserting its first position. Finally, the record fails to indicate that Del Webb took its first position as a result of ignorance, fraud, or mistake.

The Marcuses raised judicial estoppel in their opposition to the motion to dismiss, yet the district court granted the motion based upon the doctrines of res judicata and collateral estoppel. But Del Webb's conduct in asserting the inconsistent positions satisfies the judicial estoppel test. Moreover, given the timing and the degree of inconsistency between the two positions, it is evident that Del Webb's second position was designed to obtain an unfair advantage and did not represent a mere change in position. Accordingly, we conclude that the district court erred by granting the motion to dismiss based upon the doctrines of res judicata and collateral estoppel, when it should have denied the motion based upon the doctrine of judicial estoppel.

## CONCLUSION

We conclude that the Marcuses had standing to object to the proposed settlement and to appeal the district court's dismissal of the class action based on the settlement. However, we further conclude that the district court did not err in approving the settlement. Additionally, because Del Webb represented to the district court that the Marcuses could file a second action outside of the class action, we determine that the district court did not abuse its discretion in

---

[26]*Id.* (quoting *Kitty-Anne Music Co. v. Swan*, 4 Cal. Rptr. 3d 796, 800 (Ct. App. 2003) (alteration in original)).

[27]*Id.*

denying the Marcuses' motion to consolidate and motion for a separate trial within the class action. Nevertheless, given Del Webb's conduct, the district court erred by granting Del Webb's motion to dismiss the second action based upon the doctrines of res judicata and collateral estoppel, because it should have denied the motion based upon the doctrine of judicial estoppel. Accordingly, we affirm the district court's dismissal of the class action based on the settlement (Docket No. 44753), but we reverse the district court's order granting Del Webb's motion to dismiss the second action (Docket No. 44508) and remand that matter for further proceedings consistent with this opinion.

MAUPIN, C. J., GIBBONS, DOUGLAS and CHERRY, JJ., concur.