IN THE SUPREME COURT OF THE STATE OF NEVADA

STONERIDGE PARKWAY, LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
SILVERSTONE RANCH COMMUNITY
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION,
Respondent.

No. 76626

**FILED**

MAY 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal the district court's denial of Stoneridge's motion to compel arbitration. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Respondent Silverstone Ranch Community Association (Silverstone) brought suit by way of intervention against Appellant Stoneridge Parkway, LLC (Stoneridge) seeking, among other things, injunctive relief and damages for Stoneridge's alleged failure to operate a golf course. The dispute concerns the interpretation of a Golf Course Agreement (GCA) that was entered into by the developer of the homes within Silverstone and the previous owner of the Stoneridge golf course. Silverstone's complaint sought money damages and injunctive relief against Stoneridge.[1] Stoneridge moved in district court to compel arbitration,

---

[1]Silverstone argues that it is not a party to the GCA because it was not a signatory to the agreement. We determine that Silverstone is bound by the GCA and is judicially estopped from raising this argument. The GCA

19-23307

arguing that the GCA binds the parties to arbitrate before filing suit. The district court denied Stoneridge's motion to compel arbitration. Stoneridge appeals.

We conclude that the GCA unambiguously compels arbitration. In the absence of an ambiguity, we interpret contracts based upon the plain meaning of their language. *Dickenson v. State Dept. of Wildlife*, 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994). When multiple contract provisions seem to conflict, we read the contract in a manner that gives effect to all provisions without rendering other portions meaningless. *Musser v. Bank of Am.*, 114 Nev. 945, 949, 964 P.2d 51, 54 (1998).

The GCA contains two relevant provisions. Article 10, Section 3 of the agreement compels arbitration, providing:

> Subject to the provisions of Section 10.1 and 10.2 above, all claims, disputes and matters in question arising out, or relating to this Agreement or the breach thereof (other than any claims, disputes and matters which are expressly stated herein to be excluded from the provisions of this Article 10) shall be decided by arbitration . . . .

Article 13 outlines "General Provisions," and contains an "Enforcement" section that reads as follows:

> Residential Property Owner . . ., the Association and Golf Course Owner shall have the right to enforce this Agreement in any manner, by

___

contemplates Silverstone as a party in its definition of "Association." Further, Silverstone previously represented to the district court, and had its motion to intervene approved, in-part, on the basis, that it is a party to the GCA. It also represented itself as a party to the GCA in front of a United States Federal District Court. As such, we determine that Silverstone is a party to the GCA and is judicially estopped from arguing otherwise. *See Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287, 163 P.3d 462, 468-69 (2007).

> proceeding at law or in equity, including, but not limited to, an action to obtain an injunction to compel compliance with this Agreement.

These provisions do not conflict. Article 10 compels arbitration and can be read harmoniously with Article 13. Article 13 identifies which parties may enforce the agreement and the various mechanisms of enforcement. Article 13 does not modify the terms of the agreement or change Article 10's mandate that disputes be decided by arbitration. If this court were to determine otherwise, it would render Article 10 superfluous. *See Musser*, 114 Nev. at 949, 964 P.2d at 54 ("[E]very word must be given effect if at all possible. . . . A court should not interpret a contract so as to make meaningless its provisions." (internal quotation marks omitted)).[2] Accordingly, we:

ORDER the judgment of the district court REVERSED.[3]

_____, J.
Hardesty

_____, J.        _____, J.
Stiglich                    Silver

---

[2]Silverstone argues that a Covenants, Conditions & Restrictions (CC&R) modifies the GCA. We disagree. The CC&R does not encumber the golf course, it is a contract between Silverstone and the Silverstone Community that outlines the rules of the community. Therefore, we do not consider the CC&R.

[3]Given this courts disposition, we deny Stoneridge's request for oral argument.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. James Crockett, District Judge
McNutt Law Firm
Winston & Strawn/Los Angeles
Greenberg Traurig, LLP/Las Vegas
Eighth Judicial District Court Clerk