# IN THE SUPREME COURT OF THE STATE OF NEVADA

PARK WEST COMPANIES, INC., A
NEVADA CORPORATION,
Appellant,
vs.
AMAZON CONSTRUCTION
CORPORATION, A NEVADA
CORPORATION,
Respondent.

PARK WEST COMPANIES INC., A
NEVADA CORPORATION,
Appellant,
vs.
AMAZON CONSTRUCTION
CORPORATION, A NEVADA
CORPORATION,
Respondent.

No. 77510

**FILED**

OCT 05 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

No. 78327

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from a final judgment and post-judgment awards of attorney fees and costs following a bench trial in a contract action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

On remand from this court's prior order in *Park West Cos. v. Amazon Construction Corp.*, Docket No. 57905 (Order of Reversal and Remand, Sept. 12, 2013), the district court allowed respondent Amazon Construction to supplement its complaint to add a claim seeking to enforce the parties' alleged settlement agreement. Park West moved for summary judgment, which the district court denied. The district court then entered

SUPREME COURT
OF
NEVADA

(O) 1947A

20-36515

an order bifurcating trial into two phases and held a bench trial on the alleged settlement agreement. After the first phase of the bifurcated trial, the district court found in favor of Amazon Construction, concluding that the parties reached an enforceable settlement agreement. Thereafter, the district court granted Amazon Construction summary judgment on all remaining issues, entered judgment against Park West, and granted Amazon Construction post-judgment awards of costs, attorney's fees, and prejudgment interest. Park West timely appealed, and we affirm.

Park West first argues that the district court should have granted its motion for summary judgment because Amazon Construction failed to oppose the motion with admissible evidence. *See* NRCP 56(e) (2017) (amended 2019) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Amazon Construction submitted a number of relevant exhibits to its opposition to Park West's motion, including a final, albeit unsigned, draft written settlement agreement. *See May v. Anderson*, 121 Nev. 668, 670, 119 P.3d 1254, 1256 (2005) ("Because a settlement contract is formed when the parties have agreed to its material terms, even though the exact language is finalized later, a party's refusal to later execute a release document after agreeing upon the release's essential terms does not render the settlement agreement invalid."). This evidence and the other materials before the district court, including this court's remand order on the prior appeal, sufficiently demonstrated the existence of triable issues of fact. *Wood v.*

*Safeway, Inc.*, 121 Nev. 724, 729, 731, 121 P.3d 1026, 1029, 1031 (2005) (stating that a factual dispute is genuine if, based on all the evidence as "viewed in a light most favorable to the [nonmovant]," a rational fact-finder could find for the nonmovant). We therefore affirm the district court's decision to deny Park West summary judgment.

Park West next argues that the district court abused its discretion and infringed Park West's right to jury trial by bifurcating the proceeding and holding a bench trial on the alleged settlement agreement. "Nevada district courts have discretion to bifurcate equitable and legal issues raised in a single action, conduct a bench trial on the equitable issues, and dispose of the remaining legal and equitable issues in the action." *Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 624, 173 P.3d 707, 714 (2007); *see* NRCP 42(b) (providing that a trial court may bifurcate a trial, with certain limitations). Park West asserts that Amazon Construction's supplemental complaint sought legal, not equitable, relief, but this is incorrect. The supplemental complaint asked the district court to enforce the settlement agreement's terms, a matter of equity. *See Calabi v. Gov't Emps. Ins. Co.*, 728 A.2d 206, 208 (Md. 1999) ("Because a settlement agreement is a type of contract, a motion by a party who is to be released from the adversary's claim that seeks to enforce the settlement agreement seeks a decree that the contract be specifically performed."); *see also* 81A C.J.S. *Specific Performance* § 2 (2015) ("The remedy of specific performance is equitable in nature" and therefore "governed by equitable principles"). The district court did not deny Park West a right to a jury trial, because "the right to a jury trial does not extend to equitable matters." *Awada*, 123 Nev. at 618, 173 P.3d at 710; *see also Harmon v. Tanner Motor Tours of Nev.*

*Ltd.,* 79 Nev. 4, 20, 377 P.2d 622, 630 (1963) (concluding that where the complaint solely sought equitable relief, there is no right to a jury trial); *Musgrave v. Casey,* 68 Nev. 471, 474, 235 P.2d 729, 731 (1951) ("It is elemental that in a suit in equity the judgment or decree must be based upon findings of the court rather than a jury verdict . . . ."). The district court therefore did not abuse its discretion or commit constitutional error in bifurcating trial. *See Awada,* 123 Nev. at 621, 173 P.3d at 712 ("When the district court bifurcated the claims in this case, conducted a bench trial on Shuffle Master's counterclaim for rescission, and used its findings of fact and conclusions of law to dispose of Awada's contract-based claims, it did so without abusing its discretion.").

Park West also argues that the district court judge should not have presided over the bench trial because that judge had acquired personal information about the settlement through his role in the case prior to the remand. The district court judge who decided the motion to disqualify denied it as untimely; specifically, the judge found that Park West knew of the disqualification-relevant facts for one year before filing the motion, and this delay defeated disqualification. "[I]f new grounds for a judge's disqualification are discovered after the [strict] time limits in NRS 1.235(1) have passed, then a party may file a motion to disqualify based on [the Nevada Code of Judicial Conduct (NCJC)]," but the motion to disqualify must still be brought "as soon as possible after becoming aware of the new information." *Towbin Dodge, LLC v. Eighth Judicial Dist. Court,* 121 Nev. 251, 260, 112 P.3d 1063, 1069 (2005). This court reviews judicial disqualification matters under an abuse of discretion standard, *see Rivero*

*v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009), and none appears here.

Park West next argues that it was entitled to a jury trial on damages for phase two of the bifurcated trial, and therefore that the district court erred by granting Amazon Construction summary judgment after finding an enforceable settlement agreement was reached. This argument mischaracterizes Amazon Construction's supplemental complaint, which sought to enforce the high-low settlement agreement and asked "[t]hat Amazon be granted judgment and an award of not less than $500,000 *as required by the Settlement Agreement*, plus interest." (Emphasis added.) After phase one, no triable issues remained. The settlement agreement fixed the damage award to a specific amount, $500,000, given the auditor's calculations, which the district court accepted on summary judgment as binding, given its determination at the conclusion of the bench trial in phase one that the settlement agreement was binding and enforceable.

Park West objects to the district court's reliance on the auditor's calculations. But the district court expressly found that "[t]he Parties agreed that Mr. Tomeo would have discretion" and that "the findings of Mr. Tomeo were binding, and could only be challenged if there was a clear and obvious mathematical error." The district court also found that "Mr. Tomeo conducted a thorough and extensive construction audit, noting that "Mr. Tomeo testified that he utilized the same methodology and rationale and construction accounting principles that he had used in his twenty years of experience doing similar types of assignments." These findings, and the district court's phase one bench trial findings and conclusions, defeat Park West's argument. The district court's phase-one findings entitled Amazon

to judgment as a matter of law, and the district court did not err by granting Amazon summary judgment.

We reject Park West's remaining trial-error arguments. The district court did not commit evidentiary error affecting a substantial right of Park West, and "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." NRS 47.040(1). Park West's judicial estoppel claim is not persuasive. Judicial estoppel is a formal doctrine requiring that there be two distinct formal proceedings; the rule prevents the injustice of allowing a party to also prevail in the second proceeding—but only when the required circumstances are present. *See Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 287, 163 P.3d 462, 468-69 (2007) (setting forth five criteria dictating when application of judicial estoppel is warranted). Counsel for both parties have made inconsistent statements in this case; but "judicial estoppel should be applied only when a party's inconsistent position [arises] from intentional wrongdoing or an attempt to obtain an unfair advantage . . . [and] does not preclude changes in position that are not intended to sabotage the judicial process." *Id.*, 123 Nev. at 287-88, 163 P.3d at 469 (footnotes and internal quotation marks omitted).

Finally, we affirm the district court's post-judgment awards of costs, attorney fees, and interest. The district court concluded, and we agree, that the *Beattie* factors were satisfied under the circumstances. *See Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) (providing four factors when considering an award under NRCP 68's offer-of-judgment rule). We discern no abuse of discretion here nor in any of the district court's other post-judgment awards. *See, e.g., Watson Rounds v. Eighth Judicial*

*Dist. Court,* 131 Nev. 783, 787, 358 P.3d 228, 231 (2015) (reviewing decision to award costs and attorney fees for an abuse of discretion); *Bower v. Harrah's Laughlin, Inc.,* 125 Nev. 470, 494, 215 P.3d 709, 726 (2009). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Mark R. Denton, District Judge
      Howard & Howard Attorneys PLLC
      Marquis Aurbach Coffing
      Steven M. Garber & Associates, A Professional Corporation
      Gordon & Rees Scully Mansukhani LLP
      Eighth District Court Clerk