# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL MURRAY; MICHAEL RENO; MICHAEL SARGEANT, INDIVIDUALLY AND ON BEHALF OF A CLASS OF PERSONS SIMILARLY SITUATED; MARCO BAKHTIARI; MICHAEL BRAUCHLE; THOMAS COHOON; GARY GRAY; JORDAN HANSEN; ROGER KELLER; CHRIS D. NORVELL; POLLY RHOLAS; AND GERRIE WEAVER, Appellants, vs. JASMINKA DUBRIC, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED; A CAB, LLC, A NEVADA LIMITED LIABILITY COMPANY; A CAB SERIES LLC; EMPLOYEE LEASING COMPANY, A NEVADA SERIES LIMITED LIABILITY COMPANY; AND CREIGHTON J. NADY, AN INDIVIDUAL, Respondents. | No. 83492 **FILED** AUG 11 2022 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order approving a class action settlement. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.[1]

Appellants and respondent Jasminka Dubric are taxi drivers who allege that their employer, respondents A Cab, LLC, and A Cab Series LLC, Employing Leasing Company (collectively, the A Cab respondents)

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-25183

failed to pay them and other drivers minimum wage. The taxi drivers filed two separate class action suits against the A Cab respondents: the underlying matter brought by Dubric (the *Dubric* action) and another brought by appellants Michael Murray, Michael Reno, and Michael Sargeant (collectively, the Murray intervenors) (the *Murray* action).[2] The Murray intervenors secured a judgment against the A Cab respondents in the *Murray* action, *see A Cab, LLC v. Murray*, 137 Nev., Adv. Op. 84, 501 P.3d 961 (2021), and then intervened in the *Dubric* action, objecting to the proposed class action settlement because of its potential impact on the judgment in the *Murray* action. The remaining appellants are unnamed class members of both the *Murray* action and the *Dubric* action who objected to the *Dubric* settlement.

The Murray intervenors unsuccessfully sought to recuse or disqualify Judge Kathleen Delaney from presiding over the *Dubric* action due to alleged bias toward their counsel. After sending notice to all potential class members, class counsel in the *Dubric* action received nine objections to the proposed class settlement and only one member, in addition to the Murray intervenors, opted out.[3] Thereafter, the district court conducted a final fairness hearing and granted respondents' joint

---

[2]While there is some overlap of class membership, the *Dubric* class action settlement encompasses claims that go beyond the timeframe of those resolved in the *Murray* class action.

[3]This court denied appellants' previous request for extraordinary relief in which they sought an order requiring the district court to allow their class counsel to opt out from the *Dubric* settlement on behalf of all members of the *Murray* class. *See Murray v. Eighth Judicial Dist. Court*, No. 82126, 2020 WL 7296993 (Nev. Dec. 10, 2020) (Order Denying Petition for Writ of Prohibition or Mandamus).

motion to approve their proposed settlement, finding that the settlement was fair, reasonable, and adequate and in the best interest of the class members. Appellants now challenge the order granting final approval of the *Dubric* settlement, as well as the order denying the Murray intervenors' motion to disqualify Judge Delaney.

As a preliminary matter, we first reject the A Cab respondents' arguments that appellants lack standing to bring this appeal, as appellants are potentially aggrieved by the *Dubric* settlement order in that it appears to release some of the class claims against the A Cab respondents for less than the amount of the judgments obtained in the *Murray* action. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994) (defining an aggrieved party as one whose personal or property rights are adversely and substantially affected). Although the Murray intervenors cannot demonstrate that they are *individually* aggrieved because they were not included in the *Dubric* settlement class, we conclude that they have standing as class representatives to assert claims on behalf of those *Murray* class action members who may be adversely affected by the *Dubric* settlement. *See Las Vegas Police Protective Ass'n Metro, Inc. v. Eighth Judicial Dist. Court*, 122 Nev. 230, 239, 130 P.3d 182, 189 (2006) (providing that intervenors have "a right to appeal independent from that of the original parties" so long as they are also aggrieved parties pursuant to NRAP 3A(a)). And this court has previously recognized that unnamed class members who objected to a proposed settlement have standing to appeal that settlement. *See Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 285, 163 P.3d 462, 467 (2007) (concluding that unnamed class members "had standing to object to [a] proposed settlement and to appeal the district court's order dismissing the class action based on the settlement").

Next, we reject appellants' challenge to the order denying the motion to disqualify Judge Delaney. The Murray intervenors' motion to intervene in the *Dubric* class action was still pending when they sought Judge Delaney's disqualification. Therefore, the Murray intervenors were not yet parties to the *Dubric* class action, *see Aetna Life & Cas. Ins. Co. v. Rowan*, 107 Nev. 362, 363, 812 P.2d 350, 350 (1991) ("[A] proposed intervenor does not become a party to a lawsuit unless and until the district court grants a motion to intervene."), and thus lacked standing to move to disqualify Judge Delaney. *See* NRS 1.235(1) (providing that "[a]ny *party* to an action [may] seek[ ] to disqualify a judge for actual or implied bias" (emphasis added)). As such, we conclude that the district court did not abuse its discretion when it denied the motion to disqualify. *See Ivey v. Eighth Judicial Dist. Court*, 129 Nev. 154, 162, 299 P.3d 354, 359 (2013) (reviewing the denial of a motion to disqualify for an abuse of discretion).

We also reject appellants' challenge to Dubric serving as the class representative because she is a judgment debtor of the A Cab respondents in a related federal action. The judgment that forms the basis of Dubric's purported conflict of interest did not arise until after the respondents reached a settlement in the *Dubric* action and the record does not otherwise demonstrate that she had an injury or "interest in the outcome of the litigation" that differed from the other class members such that she could not "fairly and adequately protect the interests of the class."[4] *Jane Doe Dancer I-VII v. Golden Coin, Ltd.*, 124 Nev 28, 34-35, 176 P.3d 271, 275-76 (2008) (discussing the prerequisites for serving as a class representative).

---

[4]We are not persuaded by appellants' remaining arguments regarding Dubric's standing to serve as class representative.

Finally, while appellants advance several arguments contesting the *Dubric* settlement terms, they fail to point to any Nevada caselaw or statute that would require reversal.[5] And although we decline appellants' invitation to adopt the Ninth Circuit's eight-factor test for determining whether a proposed class action settlement is fair, adequate, and reasonable at this time, *see Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004),[6] we note that the district court here appeared to consider many of those factors and the *Dubric* settlement would likely satisfy that test if applied. Indeed, we discern no abuse of discretion in the district court's decision to approve the *Dubric* class settlement. *See Marcuse*, 123 Nev. at 286, 163 P.3d at 467 (reviewing a district court's approval of a class action settlement for an abuse of discretion). The record demonstrates that respondents reached the settlement as the result of lengthy negotiations

---

[5]We decline to consider appellants' argument that the district court lacked subject matter jurisdiction to approve the *Dubric* settlement because appellants fail to support this argument with citation to relevant authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that a party is responsible for supporting its arguments with salient authority). We also decline to address appellants' request that this court impose monetary sanctions against Dubric's counsel pursuant to NRS 7.085, raised for the first time in their reply brief. *See Phillips v. Mercer*, 94 Nev. 279, 283, 579 P.2d 174, 176 (1978).

[6]We note that *Churchill Village*, 361 F.3d at 575, concerned whether a proposed class settlement was fair and adequate, an explicit requirement under the Federal Rules of Civil Procedure, whereas the Nevada Rules of Civil Procedure do not contain the same requirement. *Compare* FRCP 23(e)(2) (providing that a court may only approve a proposed settlement upon "finding that it is fair, reasonable, and adequate"), *with* NRCP 23(f) (requiring court approval before "[a] class action [may] be dismissed or compromised").

after conducting a significant amount of discovery and with the assistance of both a jointly retained expert and an experienced judicial officer. And although there were objections to the settlement, the number of objections represented only a small fraction of the total class, and those objectors chose not to opt out of the settlement. Lastly, we note that no Nevada caselaw or statute requires the district court to make specific findings regarding the individual objections to a proposed class settlement or its basis for approving such a settlement as appellants suggest. Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Silver

cc:     Hon. Kathleen E. Delaney, District Judge
        William C. Turner, Settlement Judge
        Leon Greenberg Professional Corporation
        Rodriguez Law Offices, P.C.
        Bourassa Law Group, LLC
        Eighth District Court Clerk